Jose Lorenzo ARZUAGA–COLLAZO, et al., Plaintiffs, Appellants,

v.

ORIENTAL FEDERAL SAVINGS BANK, et al., Defendants, Appellees.

No. 89–2124.

United States Court of Appeals, First Circuit.

Heard May 8, 1990.

Decided Aug. 27, 1990.

\* Of the District of Rhode Island, sitting by desig-

Carlos E. Aguilar–Perez, with whom Fernando L. Gallardo, and Woods & Woods, San Juan, P.R., were on brief, for plaintiffs, appellants.

Jose R. Gonzalez–Irizarry, Rio Piedras, P.R., with whom Antonio A. Arias–Larcada, and McConnell Valdes Kelley Sifre Griggs & Ruiz–Suria, San Juan, P.R., were on brief, for defendants, appellees.

Before BREYER, Chief Judge, CYR, Circuit Judge, and PETTINE,\* Senior District Judge.

BREYER, Chief Judge.

■ The appellants, residents of the Parque Forestal housing project in San Juan, Puerto Rico, sued the Oriental Savings Bank, its wholly-owned subsidiary, Eastern Service Corporation, and several others, claiming that they had violated the federal anti-racketeering law ("RICO"), basically by selling them defective housing. *See* 18 U.S.C. § 1962(c). The district court entered a final judgment dismissing Oriental and Eastern from the suit, *see* Fed.R.Civ.P. 54(b), on the ground that the plaintiffs' 89–page complaint failed "to state a claim" for legal relief against those two defendants. Fed.R.Civ.P. 12(b)(6). The plaintiffs appeal that dismissal.

The RICO statute provides that

It shall be unlawful for any *person* employed by or associated with any *enterprise* engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such *enterprise's* affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c) (emphasis added). The Supreme Court has held that a plaintiff seeking treble damages for violation of this statute, *see* 18 U.S.C. § 1964(c) (providing a private civil cause of action), must show nation.

"(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity," and must also show that (5) the racketeering activity caused injury to the plaintiff's business or property. *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985) (footnote omitted). In addition, this court, along with most other circuits, has held that the word "person," as used in the statute to describe one who "conducts" an "enterprise," does not apply to the enterprise itself. An "enterprise" does not *"conduct or participate ... in the conduct of"* that same enterprise's affairs. Rather, only some "person" *other than* the "enterprise" can conduct or help conduct that enterprise's affairs. Hence the unlawful enterprise itself cannot also be the person the plaintiff charges with conducting it. *See Odishelidze v. Aetna Life & Casualty Co.*, 853 F.2d 21, 23–24 (1st Cir.1988) (holding that discharged insurance agent could not bring RICO claim against insurance company and its subsidiaries); *Schofield v. First Commodity Corp. of Boston*, 793 F.2d 28, 29–30 (1st Cir.1986) (holding that investor could not bring RICO claim against commodities firm that had allegedly defrauded her).

The complaint before us violates this last-mentioned, well-established rule. The complaint charges that Oriental and Eastern were the very unlawful "enterprises" to which the statute refers. The complaint does not charge that they were conducting some *other* unlawful enterprise. It does not charge, for example, that the developer, Parque Forestal, Inc., whose affairs appellees ran, was the unlawful "enterprise" of which the RICO statute speaks. Nor, in our view, can it be reasonably read to state that Oriental and Eastern conducted the affairs of (or participated in the conduct of the affairs of) some other, larger, unlawful "enterprise." Since the complaint does not charge that Oriental or Eastern conducted or participated in the conduct of some other, allegedly unlawful, enterprise, the complaint does not state a RICO claim against them. *See Odishelidze, Schofield, supra.*

Our study of the 89–page complaint makes clear that this failing is not some "technical" mistake that undoes an otherwise adequately stated claim. To the contrary, the plaintiffs' complaint boils down to a statement that (1) they bought houses in the Parque Forestal project for $100,000 to $300,000 each; (2) they moved into their houses in 1986 and 1987; (3) many of the houses were built badly, and many were damaged during a landslide; (4) the project itself lacked adequate security and was never fully completed; (5) Oriental loaned the developer money to build the project, it failed to require the posting of adequate bonds, and it failed to conduct adequate inspections; (6) Oriental began to manage the project in 1987, assigning 25% of the net profits to Eastern; (7) Oriental, in December 1987, forced the developers into bankruptcy, failing to tell the bankruptcy court of the plaintiffs' interests or to tell the plaintiffs what it was doing, and then proposed a rehabilitation plan that made no provision for the plaintiffs. This complaint reads as if it is charging a breach of contract or a violation of a consumer protection law, not racketeering.

The plaintiffs apparently believe they can find the necessary "racketeering" activity in acts of "fraud." But the complaint does not allege any "fraud" with specificity. *See* Fed.R.Civ.P. 9(b); *Figueroa Ruiz v. Alegria*, 896 F.2d 645, 648 n. 3 (1st Cir.1990). Nor does it show two or more specific fraudulent acts so related that they might constitute a *"pattern"* of racketeering. Indeed, the only alleged activity by Oriental and Eastern that, in our view, might conceivably qualify as "racketeering" activity, *see* 18 U.S.C. § 1961(1), consists of the allegations that Oriental and Eastern lied when they told plaintiffs (by mail or telephone) in 1987 that they were taking over responsibility for completing the Parque Forestal project, and that they committed some kind of fraud in the bankruptcy court several months later by failing to look after plaintiffs' interests. But this does not seem to be activity that either (1) takes place over a fairly long period of time, or (2) threatens future criminal conduct. Hence it likely fails to meet other necessary conditions for establishing a *"pattern* of racketeering activity." *See*

*H.J., Inc. v. Northwestern Bell Telephone Co.,* — U.S. ——, 109 S.Ct. 2893, 2901–02, 106 L.Ed.2d 195 (1989); *Fleet Credit Corp. v. Sion,* 893 F.2d 441, 446–47 (1st Cir.1990).

■ Finally, the complaint fails to make clear how the alleged "racketeering" acts—in particular, the "bankruptcy fraud" —injured the plaintiffs' business or property. Plaintiffs' injury seems to have taken place when they moved into defective homes. Oriental and Eastern allegedly "lied" to plaintiffs later; the bankruptcy fraud took place later still, and, since plaintiffs appeared in the bankruptcy proceeding, it is difficult to see from the complaint how that particular "fraud" hurt them. *See Sedima,* 473 U.S. at 496, 105 S.Ct. at 3285 (plaintiff can recover under RICO only if "he has been injured ... *by the conduct constituting the violation* ") (emphasis added).

■ All this is to say that the plaintiffs set out a fairly clear claim of injury due to improper construction of the project—a claim that one would normally expect them to pursue in state court. But they clearly failed to meet one necessary legal condition for a RICO claim, the condition concerning conduct of an "enterprise." Moreover, even had that condition been met, the complaint still apparently would have failed to set forth a RICO claim. Given these difficulties with the complaint, particularly its lack of clarity, along with the plaintiffs' failure to describe to the court how they proposed to remedy the obviously fatal legal difficulty concerning the "enterprise," we are certain that the court acted lawfully in not permitting plaintiffs to amend the complaint. *See Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 59 (1st Cir. 1990) (district court's denial of permission to amend complaint is not an abuse of discretion where amendment would be futile). Nor need we permit plaintiffs to amend the complaint now. *See The Dartmouth Review v. Dartmouth College,* 889 F.2d 13, 22–23 (1st Cir.1989) (appellate court may grant leave to amend in rare cases where justice requires, but will not do so where appellants "have given no meaningful indication that additional facts could be pleaded which would make a dispositive difference").

The plaintiffs argue that, in any event, they have stated a claim against the defendants under a different statute, the Thrift Institutions Restructuring Act, 12 U.S.C. § 1464(q). We shall not consider this argument, however, for defendants nowhere referred to that act in their complaint, nor did they try to assert a claim under that act in the court below, either before or after judgment was entered. *See Dartmouth Review,* 889 F.2d at 22; *Beaulieu v. IRS,* 865 F.2d 1351, 1352 (1st Cir.1989).

For these reasons the judgment of the district court is

*Affirmed.*