**Arthur E. CUTLER, Plaintiff,**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, The One Bancorp, Vincent E. Furey, Jr., Richard Roe, and John Doe, Defendants.**

Civ. No. 91–0073–P–C.

United States District Court,
D. Maine.

April 29, 1992.

Arthur E. Cutler, pro se.

Andrew M. Horton, Verrill & Dana, Portland, ME, for defendants.

MEMORANDUM OF DECISION AND ORDER ON FURTHER RECONSIDERATION OF ORDER GRANTING MOTION TO DISMISS COUNT V OF THE SECOND AMENDED COMPLAINT (Docket No. 29) AND ON PLAINTIFF'S MOTION TO VACATE SAID ORDER (Docket No. 33) AND MEMORANDUM OF DECISION AND ORDER ON MOTION BY DEFENDANTS TO DISMISS COUNT V OF THE AMENDED COMPLAINT (Docket No. 51–2)

GENE CARTER, Chief Judge.

I.

This Court entered on January 10, 1992, its Order Granting Defendants' Motion to Dismiss Count V of Plaintiff's Second Amended Complaint (Docket No. 29), which set forth an attempted statement of a claim for relief based upon alleged violations of the Racketeer Influenced and Corrupt Organizations Act (hereinafter "RICO"), 18 U.S.C. § 1962. The Court thereafter determined, by its Memorandum of Decision on Reconsideration of [that Order] entered on March 12, 1992 (Docket No. 38) that its action in that

---

respect was unduly precipitous. For reasons set forth in that Memorandum, the Court permitted Plaintiff to file a further amendment to Count V of the Second Amended Complaint, in which Plaintiff could set forth asserted additional allegations of fact for the consideration of the Court in acting on further reconsideration of its original Order dismissing Count V. Memorandum of Decision (Docket No. 38) at 7. The Court set a specific deadline for the filing of such an amendment to Count V of the Second Amended Complaint, which was ultimately extended upon motion of the Plaintiff (Docket No. 39).

Plaintiff filed its motion to amend Count V of the Second Amended Complaint (Docket No. 46) on April 3, 1992. That motion has now been granted by the Court's endorsement of April 29, 1992. The Defendants named in Count V of the Second Amended Complaint and the proposed amendment thereto filed a Motion to Dismiss the Amended Count V (Docket No. 51–2) on April 15, 1992.

Accordingly, the Court now has before it the issue of whether the amended Count V of the Second Amended Complaint (Docket No. 59) should be dismissed for failure to state a claim upon which relief could be granted. This issue is generated by both Defendants' Motion to Dismiss Count V (Docket No. 51–2) and the Court's underlying commitment set forth in its Memorandum and Decision (Docket No. 38) to reconsider its original dismissal of Count V of the Second Amended Complaint upon consideration of a further amendment of that count, if filed by Plaintiff.

## II.

■ After careful consideration of the content of Plaintiff's Amended Complaint and of the written submissions of the parties germane to the issue framed above, the Court is satisfied that its original decision to dismiss Count V of the Second Amended Complaint must stand and that the amended Count V now before the Court (Docket No. 59) does not cure in any significant way the defects previously noted by the Court in its Memorandum of Decision and Order ordering the dismissal of Count V of the Second Amended Complaint (Docket No. 29). The Court notes

with respect to the pending Count V, as amended, that it fails specifically, *inter alia,* to show by concrete allegation a distinction between the persons alleged to have acted and the enterprise which is the subject of their action as contemplated by the provisions of 18 United States Code section 1962(c) in order to set forth a violation of the statute. The requirement of such a distinction as an essential ingredient of a claim for relief under the statute has been noted by a majority of those circuits that have considered the matter and has been specifically required in this circuit. *See, e.g., Arzuaga–Collazo v. Oriental Federal Savings Bank,* 913 F.2d 5, 6 (1st Cir.1990). The allegations of the Complaint, as now amended, do not make such a distinction and, in fact, appear to allege that the enterprise, Maine Savings Bank, was also an actor in the allegedly wrongful conduct set forth in the Amended Complaint. Under the statute, persons who act to manipulate the enterprise to accomplish the illegal end cannot include the enterprise itself.

## III.

Further, the new material added by the amendment does not display, as Plaintiff has previously indicated to the Court, any significant new information that has the effect of resolving defects the Court previously found in the statement of Count V in the Second Amended Complaint. New material is set out principally in paragraph 58, a brief insert in paragraph 63, and in paragraphs, 65, 68, 69, and 92–100 of the Amended Complaint. The facts which form the fundamental predicate for Plaintiff's claims in this case, as alleged by him, are that he bid upon a parcel of real estate at a mortgage auction; that his bid was accepted; that he placed a deposit; that he required the bank to make a conveyance of the title at the closing by a "Quick-*[sic]* Claim Deed without covenant"; and that the bank refused to do so. In consequence, he alleges, the bank failed to close in accordance with its legal obligation, as he has alleged it, and retained his deposit of $5,000.

The allegations of the Amended Complaint, as it now stands, do not establish any link between any loss that he has incurred and

what he alleges in the Complaint to have been the wrongful conduct under RICO. The closest that he comes to that is in asserting, in paragraph 100, that the effect of fraudulent actions and resultant "distortions" alleged in paragraph 99 to have "resulted in a fraudulently induced loss upon certain of the successful bidders at the auction...." Amended Complaint, ¶ 100, at 11. This is a purely conclusory allegation. It does not show in what way fraud was practiced to occasion or to induce the loss upon bidders at the auction and, in fact, it is to be specifically noted that the allegation does not specify that such a loss was occasioned *to this Plaintiff*. Accordingly, the Complaint fails to show any causal link between the conduct alleged to be in violation of the proscriptions of RICO and the loss that is alleged to have been sustained by Plaintiff as a buyer at an auction.

Plaintiff also alleges, in paragraph 95, that Maine Savings Bank "had entered into a secret agreement with certain parties that effectively reduced the value of the real estate that was the subject of the auction." Amended Complaint, ¶ 95, at 10. This is also a conclusory allegation that does not set forth *with specificity* any of the circumstances under which such agreement was reached or entered into, who were participants in it, what its incidents were that rendered it fraudulent, or how the impact of the agreement "effectively reduced the value of the real estate." As such, these allegations are insufficient to set forth a fraudulent aspect of conduct of Defendants as a predicate for a RICO claim.[1]

### IV.

For all the foregoing reasons, *inter alia*, the Court is satisfied that the amendment to Count V of the Second Amended Complaint is ineffective to state a viable claim for relief under the RICO statute. Accordingly, it is hereby ORDERED that the Court's original Order of March 12, 1992 (Docket No. 38) dismissing the original Count V as pleaded in the Second Amended Complaint be, and it is

hereby, AFFIRMED, and it is FURTHER ORDERED that the motion by Defendants, filed on April 15, 1992 (Docket No. 51–2), to dismiss Count V of the Amended Complaint be, and it is hereby, GRANTED.

---

1. Some further detail is given about an alleged secret agreement in paragraph 11 of the Second Amended Complaint. That paragraph, however, is not realleged as part of the amendment to Count V of the Second Amended Complaint.