**FALMOUTH NATIONAL BANK, Plaintiff,**

v.

**EQUIFAX SERVICES, INC., Equifax Services, Ltd., and John J. Voller, Defendants.**

**Civ. A. No. 91–11367–T.**

United States District Court, D. Massachusetts.

Feb. 5, 1993.

Seymour Weinstein, Weinstein, Bernstein & Burwick, Worcester, MA, for plaintiff.

Paul V. Curcio, John A. Tarantino, Adler, Pollock & Sheehan, Providence, RI, Ste-

---

**2.** Plaintiff has failed to address Defendant's exhaustion argument in his brief opposing the motion.

phen M. Rose, Law Office of Robert J., Catalano, Tawnton, MA, William A. Brown, Boston, MA, Seymour Weinstein, Weinstein, Bernstein & Burwick, Worcester, MA, for defendants.

## MEMORANDUM

TAURO, Chief Judge.

Plaintiff, Falmouth National Bank, ("FNB") sues defendants Equifax Services, Inc., Equifax Services Ltd. (together "Equifax") and John J. Voller for conspiring to make fraudulent inspection reports about FNB's floor plan security interest. In June 1989, FNB entered into a Floor Plan Inspection Agreement ("Agreement") with Equifax, whereby Equifax would inspect the inventory of FNB's commercial debtors. FNB agreed to floor plan finance defendant John Voller, CEO of Voller's Yacht Sales, Inc. ("Voller's Yachts").

FNB alleges that, on 18 occasions, Equifax made false reports about its inventory inspections of Voller's Yachts. This, it contends, forms the basis of a claim under the Racketeering Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. 1962(c).[1]

Defendants have filed a Motion to Dismiss, pursuant to Fed.R.Civ.P. 12(b)(6), on the grounds that plaintiff has failed to establish an element of a RICO action.

■ Section 1962(c) of the RICO statute provides:

It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

12 U.S.C. § 1962(c). A plaintiff seeking to bring a private cause of action under the RICO statute must show "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity" and that (5) the racketeering activity caused injury to plaintiff's business. *Sedima, S.P.R.L. v. Imrex Co.,*

473 U.S. 479, 496, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985) (footnote omitted). Defendants argue that, even if they have committed fraud, they did not act as an "enterprise," and, therefore, cannot be liable under RICO.

For purposes of ·§ 1962(c), the "person" and the "enterprise" must be distinct entities. In *Arzuaga–Collazo v. Oriental Federal Sav. Bank,* 913 F.2d 5 (1st Cir.1990), the court stated that

An "enterprise" does not "conduct or participate ... in the conduct of" that same enterprise's affairs. Rather, only some "person" other than the "enterprise" can conduct or help conduct that enterprise's affairs. Hence the unlawful enterprise itself cannot also be the person the plaintiff charges with conducting it.

*Id.* at 6 (emphasis omitted) (citations omitted). *See also United States v. Bledsoe,* 674 F.2d 647, 663 (8th Cir.), *cert. denied,* 459 U.S. 1040, 103 S.Ct. 456, 74 L.Ed.2d 608 (1982) ("[T]he enterprise must be more than an informal group created to perpetuate the acts of racketeering."); *United States v. Anderson,* 626 F.2d 1358, 1365 (8th Cir.1980), *cert. denied,* 450 U.S. 912, 101 S.Ct. 1351, 67 L.Ed.2d 336 (1981) ("[T]he term 'enterprise' must signify an association that is substantially different from the acts which form the 'pattern of racketeering activity.' ").

■ The court finds that, under the tests enunciated by these courts, no enterprise existed here. Plaintiff does not allege the existence of a separate entity through which the defendants conducted the "racketeering activity." Rather, it claims only that defendants "conspired between themselves and/or with other persons to defraud the Plaintiff." Compl. ¶ 24.

Accordingly, defendants' Motion to Dismiss is ALLOWED.

An order will issue.

## ORDER

For the reasons stated in the accompanying memorandum, Defendants' Motion to

---

1. FNB's Complaint also includes claims, based on state law, for (I) negligence; (II) breach of contract; (III) fraud; (IV) civil conspiracy; and (VI) Mass.Gen.L. ch. 93A violations.

Dismiss is ALLOWED. In the absence of federal question or diversity jurisdiction, the court hereby orders that the state claims shall be REMANDED to the state court.

It is so ordered.