[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Secor, Cassidy McPartland for plaintiff.
Eileen Elizabeth McGann for defendant.
By way of the first count of the second amended complaint, dated May 17, 1994, the plaintiff City of Waterbury alleges that between January, 1986, and December, 1991, the defendant, the former mayor of the City of Waterbury, converted to his personal use public monies entrusted to the City of Waterbury and the City's Department of Employment, Education, Grants Administration (DEEGA), or allowed the staff of DEEGA to convert the funds to their personal use. The plaintiff alleges that the CT Page 8064 City of Waterbury and DEEGA received the federal funds for use in administering a job training plan for the greater Waterbury area consistent with the federal requirements of the Job Training Partnership Act, 29 U.S.C. § 1511, and other state and federal programs. The plaintiff also alleges in the second count that the defendant received a kickback for investing monies earmarked for the Waterbury Retirement Board with Colonial Realty, Inc.
The plaintiff alleges that the defendant, as mayor of the city of Waterbury, was the ex-officio chairman of DEEGA and was responsible for the control and supervision of the city's administrative offices, such as DEEGA and the Retirement Board. Counts one and two allege various breaches of fiduciary duties allegedly arising out of the defendant's position as ex officio chairman of DEEGA and the Waterbury Retirement Board, respectively. Counts three and four allege a breach of good faith and fair dealing arising out a of the defendant's respective duties on both boards.
In the fifth count, a civil cause of action based on the Racketeer Influenced and Corrupt Organizations Act ("RICO"),18 U.S.C. § 1961 et seq., the plaintiff alleges that the defendant was "an enterprise or a member of an enterprise as defined at 18 U.S.C. § 1961." The plaintiff alleges that the defendant "conspired and/or devised a scheme with" certain staff members of DEEGA to deprive the plaintiff of the grant monies received for the purpose of funding certain social and employment related programs in accordance with the Job Training Partnership Act, 29 U.S.C. § 1511, and other state and federal programs. Specifically, the plaintiff alleges that the defendant and his co-conspirators engaged in numerous illegal activities affecting interstate commerce, such as issuing checks drawn on DEEGA accounts to pay the defendant's or DEEGA staff members' personal obligations in violation of federal law and contractual requirements; spending public money for the defendant's and DEEGA staff members' personal vacations; unlawfully expending public funds for the defendant's and DEEGA staff members' personal entertainment; unlawfully creating personal accounts outside the city's accounting systems and funding said accounts with public and DEEGA funds; receiving kickbacks for investing Waterbury Retirement funds with certain investors; unlawfully destroying or conspiring to destroy DEEGA records in order to prevent investigators from uncovering said unlawful activity; and other various conversions of public monies to personal use. The CT Page 8065 plaintiff alleges that the above referenced activities violated18 U.S.C. § 1962 by constituting a "pattern of racketeering activity in violation of 18 U.S.C. § 1962(c)-(d) . . . engaged in by the defendant and his co-conspirators on more than one occasion in the past ten years, and causing substantial monetary loss to the City of Waterbury."
In the sixth count, the plaintiff incorporates the allegations of the first count and alleges that the defendant "fraudulently took and converted public monies from grant and other funds entrusted to DEEGA for her [sic] own use," to the financial detriment of the city of Waterbury.
On May 26, 1994, the defendant filed a motion to strike the fifth and sixth counts of the amended complaint on the ground that these counts fail to state a cause of action upon which relief may be granted. Both parties have filed memoranda in support of their respective positions on the motion.
The motion to strike challenges the legal sufficiency of a complaint. Westport Bank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490, 495, 605 A.2d 862 (1992). A pleading or count thereof will survive a motion to strike when it contains all the necessary elements of a cause of action. D'Ulisse-Cupo v.Board of Directors of Notre Dame High School, 202 Conn. 206,218-19, 520 A.2d 217 (1987). In reviewing the motion, the court must view the allegations of the complaint in the light most favorable to the non-movant. Novametrix Medical Systems, Inc. v. BOC Group,Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). "In ruling on a motion to strike, the trial court is limited to considering the grounds specified in the motion." (Citations omitted.) Meredithv. Police Commissioners, 182 Conn. 138, 140, 438 A.2d 27 (1980).
I. Count Five — Civil RICO
As noted above, the fifth count alleges a violation of RICO,18 U.S.C. § 1962 (c) and (d), which provide the following:
 (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt. CT Page 8066
 (d) It shall be unlawful for any person to conspire to violate any of the provisions of subsections (a), (b), (c) of [section 1962.]
 In order to sustain a cause of action based on RICO, [a] RICO complaint must establish five elements: (1) the existence of an enterprise; (2) that the enterprise affected interstate commerce; (3) that the defendant was employed by or associated with the enterprise; (4) that he participated, even indirectly, in the affairs of the enterprise; and (5) that he participated through a pattern of racketeering activity.
 Martin-Trigona v. Smith, 712 F.2d 1421, 1426 and n. 6 (D.C. Cir. 1983). Additionally, the plaintiff must suffer injury to his business or property. Al-Kazemi v. General Acceptance and Investment Corp., et al., 633 F. Sup. 540 (D.C.C. 1986).
Bergen v. Rothschild, 648 F. Sup. 582, 588 (D.D.C. 1986).
The defendant contends that the plaintiff's RICO claim is legally deficient because: (i) it fails to identify a distinct enterprise; (ii) it fails to allege that the defendant was "employed by or in association with" an enterprise; (iii) it fails to allege that the defendant conducted or participated in the conduct of the enterprise; (iv) it fails to allege sufficient predicate acts of racketeering activity; (v) it fails to allege an injury from a predicate act; (vi) it fails to allege that the defendant intentionally committed a predicate act; and (vii) it fails to allege an injury to business property.
1. Enterprise
The defendant argues that the plaintiff has failed to allege that the enterprise and the person alleged to have violated the provisions of RICO are separate entities. "`[E]nterprise' includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(3). "[T]he word `person' as used in the statute [18 U.S.C. § 1962(c)] to describe one who `conducts' an `enterprise' does not apply to the enterprise itself." Arzuaga-Collazo v. Oriental Fed.Sav. Bank, 913 F.2d 5, 6 (1st Cir. 1984); see also United StatesCT Page 8067v. Turkette, 452 U.S. 576, 583, 101 S.Ct. 2524, 69 L.Ed.2d 246
(1981).
The fifth count alleges that the defendant was the mayor of the city of Waterbury, and "was an enterprise or a member of an enterprise." A municipal agency or department can be an enterprise for the purposes of 18 U.S.C. § 1962(c)-(d). SeeUnited States v. Balzano, 916 F.2d 1273, 1289-90 (7th Cir. 1990) (Chicago fire prevention department was an enterprise); UnitedStates v. Freidman, 854 F.2d 535 (2d Cir. 1988), cert. denied,490 U.S. 1004, 109 S.Ct. 1637, 104 L.Ed.2d 153 (1985) (municipal parking violations bureau was an enterprise). The plaintiff concedes that the allegation that the defendant, alone, was an enterprise would be legally insufficient. However, the plaintiff notes that the complaint also alleges that the defendant was mayor of the City of Waterbury and was therefore associated with an enterprise, namely the City of Waterbury. Viewed in a light most favorable to the plaintiff, the complaint contains the necessary allegations of a distinct enterprise.
2. Employed By or Associated With
Relying on his first argument that the plaintiff has failed to allege a distinct enterprise, the defendant argues that the plaintiff has failed to allege the defendant was employed by or associated with a distinct enterprise. See Sedima, S.P.R.L. v.Imrex Co., Inc., 374 U.S. 479, 496, 105 S.Ct. 3275,87 L.Ed.2d 346 (1985). As noted above, the plaintiff alleges that the defendant served as the mayor of the City of Waterbury. Therefore, the plaintiff has alleged the necessary associational element of a RICO claim. See United States v. Mokol, 957 F.2d 1410,1417 (9th Cir. 1992) ("association" does not require employment with or interest in goals of enterprise, rather "association" requires, at least, a connection between defendant and illegal acts of enterprise).
3. Conduct or Participated in the Conduct of the Enterprise
The defendant argues that the fifth count lacks an allegation that the defendant actually participated in the operation or management of the enterprise.
 In order to participate in the conduct of such an enterprise's affairs, one must have some part in directing those affairs. Of course, the word "participate" CT Page 8068 makes clear that RICO liability is not limited to those with primary responsibility for the enterprise's affairs, just as the phrase "directly or indirectly" makes clear that RICO liability is not limited to those with a formal position in the enterprise, but some part in directing the enterprise's affairs is required.
Reves v. Ernst Young, 507 U.S. ___, 113 S.Ct. 1163, 1170,122 L.Ed.2d 525 (1993). As noted above, the plaintiff alleges that the defendant was the mayor and chief elected official for the City of Waterbury, and that he devised a plan or scheme regarding the operation of DEEGA — a department of the city — in order to commit the alleged racketeering activities. Construed most favorably, the complaint alleges that the defendant had "some part in directing" the affairs of the enterprise. Id.
4. Predicate Act of Racketeering Activity.
The defendant argues that the plaintiff has not alleged the necessary predicate acts of racketeering activity on which to base a RICO violation. "In order for a party to set forth a viable claim for damages under RICO, the party must allege that the defendant committed two or more `predicate' acts which constitute a pattern of racketeering activity done in the conduct of the affairs of an enterprise." Connecticut National Bank v.Ealahan Electric Co., Superior Court, judicial district of New London, Docket No. 519422 (November 6, 1992, Hendel, J.), citingCelpaco, Inc. v. MD Papierfabriken, 686 F. Sup. 983, 987 (D. Conn. 1988). The acts that constitute predicate acts of racketeering activity are enumerated in18 U.S.C. § 1961.[1] United States v. Turkette, supra, 452 U.S. 583. The defendant argues that none of the alleged illegal activities contained in the fifth count of the plaintiff's complaint fall under the definition of racketeering activity under 18 U.S.C. § 1961.
The plaintiff argues that it properly alleged at least twenty-two separate acts of racketeering activity as defined under 18 U.S.C. § 1961. Specifically, the plaintiff argues that the defendant's allegedly illegal activities contained in the fifth count (outlined above) constitute violations of18 U.S.C. § 1952,[2] Section 1952 of 18 U.S.C. is enumerated as racketeering activity under 18 U.S.C. § 1961. CT Page 8069
Section 1952 of 18 U.S.C. the Travel Act, "prohibits travel with the intent to promote `unlawful activity.'" Dooley v. UnitedTechnologies Corp. , 803 F. Sup. 428, 438 (D.D.C. 1992). In order to sustain a cause of action under 18 U.S.C. § 1952, and thus establish a predicate act for the purposes of RICO, the plaintiff must show that the defendant traveled in interstate or foreign commerce or used mails or any facility of interstate commerce with the intent to promote unlawful activities. Id. "Unlawful activities" are defined in 18 U.S.C. § 1952(b).
Although the plaintiff has alleged that the defendant did spend public funds to pay for personal vacations to the Caribbean, the plaintiff has not alleged that the defendant took these trips with the intent to promote some unlawful activity, as required by 18 U.S.C. § 1952. The defendant has failed to allege the necessary predicate acts required for a violation of RICO and, therefore, the defendant's motion to strike the fifth count of the plaintiff's complaint is granted. Cf. ConnecticutNational Bank v. Ealahan Electric Co., supra, (failure to properly allege a violation of mail fraud as predicate act for RICO claim was ground to strike the RICO claim).
Because the plaintiff has not sufficiently alleged the necessary predicate acts for a violation of RICO, the other grounds raised by the defendant's motion to strike the fifth count need not be addressed.
II. Sixth Count: Conversion
The defendant argues that the sixth count of the complaint, sounding in conversion, is insufficient on the grounds that the plaintiff failed to alleged any intent on the part of the defendant to interfere with the plaintiff's property, and that the plaintiff failed to allege that the defendant took dominion and control over the plaintiff's property.
 Conversion occurs when one, without authorization, assumes and exercises the right of ownership over property belonging to another, to the exclusion of the owner's rights. [T]here are two "general classes" of conversion: (1) that in which possession of the allegedly converted goods is wrongful from the onset; and (2) that in which the conversion arises subsequent to an initial rightful possession. . . . The second class is where the possession, originally CT Page 8070 rightful, becomes wrongful by [1] reason thereafter of a wrongful detention, or [2] a wrongful use of the property, or [3] the exercise of an unauthorized dominion over the property. In the last two groups of this class, the wrongful use and the unauthorized dominion, constitute the conversion; therefore no demand for the return of the personal property is required. . . . Demand is only required in the "detention" scenario because, by definition, a rightful possession cannot become a "detention" until a possessor fails to comply with a request to quit possession made by the rightful owner.
(Citations omitted; internal quotation marks omitted; emphasis omitted.) Luciani v. Stop Shop Cos., 15 Conn. App. 407, 411-12,544 A.2d 1131 (1988).
The plaintiff has alleged that the defendant took public money from funds entrusted to the City of Waterbury and DEEGA for his own use, thus causing the city financial loss. The plaintiff's complaint, when construed most favorably to the plaintiff, alleges a cause of action for conversion. Although the defendant argues that an allegation of intentional interference is necessary for a claim of conversion, the case law, cited above, does not support this assertion. Id.; see also Falker v.Samperi, 190 Conn. 412, 419, 416 A.2d 681 (1983) (conversion occurs when one, without authorization, assumes and exercises the right of ownership over property belonging to another, to the exclusion of the owner's rights). Accordingly, the defendant's motion to strike the sixth count is denied.
/s/ Sylvester, J. SYLVESTER