**PUERTO RICO AMERICAN
INSURANCE COMPANY,
et al Plaintiffs**

v.

**Carlos H. BURGOS, et al Defendants**

**No. CIV.01–1186(SEC).**

United States District Court,
D. Puerto Rico.

Sept. 18, 2003.

Cancio, Nadal, Rivera & Diaz, San Juan, for Plaintiffs.

Juan R. Acevedo–Cruz, Hato Rey, for dft represented by Acevedo–Cruz.

Francisco Acevedo–Padilla, Acevedo Law Office, Edif. Asociacion de Maestros, Hato Rey, for dft represented by Acevedo–Padilla.

David Calderon–Marrero, Bayamon, for cntclm represented by Calderon–Marrero.

Jorge A. Cartaya–Brao, San Juan, for cntclm represented by Cartaya–Brao.

Jeanice Casiano, Guaynabo, for dft represented by Casiano (Pro Se).

Howard Charles, San Juan, for cntclm represented by Charles.

Howard H.B. Charles, Charles & Charles Law Offices, San Juan, for dft represented by Charles.

Carlos Colon–Marchand, Hato Rey, for dft represented by Colon–Marchand.

Maria De–Jesus–Clemente, Catano, for dft represented by De–Jesus–Clemente (Pro Se).

Norman De–Jesus–Ortiz, Las Vegas, Catano, for dft represented by De–Jesus–Ortiz (Pro Se).

Andres Diaz–Lopez, Urb Praderas, Levittown, Toa Baja, for dft represented by Diaz–Lopez (Pro Se).

Orlando Duran–Medero, San Juan, for dft represented by Duran–Medero.

Albert Elias–Gualdarrama, Hogar Eliezer, Bayamon, for dft represented by Elias–Gualdarrama (Pro Se).

Josue Fernandez–Andujar, Urb. Levittown, Levittown, for dft represented by Fernandez–Andujar (Pro Se).

Ignacio Fernandez–De–Lahongr, Hato Rey, for dft represented by Fernandez–De–Lahongr.

Jose A. Fernandez–Paoli, San Juan, for ip represented by Fernandez–Paoli.

Maria J. Fornaris, San Juan, for dft represented by Fornaris.

Luis Garcia–Baez, Toa Baja, for dft represented by Garcia–Baez (Pro Se).

Jose M. Garcia–Noya, San Juan, for ip represented by Garcia–Noya.

Ruben Gonzalez, Rio Piedras, for dft represented by Gonzalez.

Juan Gonzalez–Fonseca, Barrio Amelia, Catano, for dft represented by Gonzalez–Fonseca (Pro Se).

Maria L. Jimenez–Colon, University of PR Law School, Legal Aid Clinic, San Juan, for dft represented by Jimenez–Colon.

Hazel I. Justison–Diaz, Santa Rosa, Bayamon, for dft represented by Justison–Diaz.

Jose A. Kuilan–Lozada, Bayamon, for dft represented by Kuilan–Lozada (Pro Se).

Jose Marrero–Rivera, Las Vegas, Catano, for dft represented by Marrero–Rivera (Pro Se).

Luis Martinez–Borras, Hato Rey, for cntclm represented by Martinez–Borras (Pro Se).

Juan M. Masini–Soler, San Juan, for dft represented by Masini–Soler (Pro Se).

Francisco Matos–Robles, Toa Baja, for dft represented by Matos–Robles (Pro Se).

Julio Morales–Sanchez, San Juan, for dft represented by Morales–Sanchez.

Rafael A. Morales–Toledo, Urb. Brisas del Tortuguero, Vega Baja, for dft represented by Morales–Toledo (Pro Se).

Harry R. Nadal–Arcelay, Cancio, Nadal, Rivera & Diaz, San Juan, for cntdft represented by Nadal–Arcelay.

Rafael Ocasio–Claudio, Catano, for dft represented by Ocasio–Claudio (Pro Se).

Luis H. Padilla–Soler, Estancias de Tortuguero, Vega Baja, for dft represented by Padilla–Soler (Pro Se).

Carlos F. Padin–Perez, Urb. El Vedado, San Juan, for dft represented by Padin–Perez (Pro Se).

Lydia Ramos–Claudio, Catano, for dft represented by Ramos–Claudio (Pro Se).

Henry H. Rexach, Terminal Tomas Kuilan, Calle Rossi Esq. Parque, Bayamon, for dft represented by Rexach.

Juan Rivera–Ocasio, Barrio Palmas, Catano, for dft represented by Rivera–Ocasio (Pro Se).

Luis R. Rivera–Rodriguez, Hato Rey, for dft represented by Rivera–Rodriguez.

Efrain Rivera–Santos, Guaynabo, for dft represented by Rivera–Santos (Pro Se).

Salvador D. Rodriguez, Las Vegas, Catano, for dft represented by Rodriguez (Pro Se).

Roque Roman–Perez, Vega Baja, for dft represented by Roman–Perez.

Lourdes Rosario–Roman, Las Vegas, Catano, for dft represented by Rosario–Roman (Pro Se).

Raymond L. Sanchez–Maceira, San Juan, for dft represented by Sanchez–Maceira (Pro Se).

Mario Santana–Centeno, Toa Baja, for dft represented by Santana–Centeno (Pro Se).

Maria I. Santos–Rivera, Cond. Madrid, Santurce, for dft represented by Santos–Rivera.

Juanita Trevino–Monserrate, Villa Caparra Cond., Ponce de Leon Gardens, Guaynabo, for dft represented by Trevino–Monserrate.

Ramon L. Walker–Merino, San Juan, for dft represented by Walker–Merino.

## OPINION AND ORDER

CASELLAS, District Judge.

Pending before the Court is Co-defendants Rafael Ocasio–Claudio and Lydia Ramos–Claudio's Motion for Summary Judgment (**Docket # 419**). Plaintiffs have failed to oppose said motion and Co-defendants have requested that the Court deem their motion as unopposed (**Docket # 446**). The Court has examined Co-defendants' motion and has come to the conclusion that even though the motion requests relief via summary judgment, it should rather be considered as motion to dismiss for failure to state a claim. Therefore, after carefully examining Co-defendants' arguments and the applicable law, said motion will be treated as a motion to dismiss under Fed. R.Civ.P. 12(b)(6), and the same will be **GRANTED.**

In assessing whether dismissal for failure to state a claim is appropriate, "the trial court, must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." *LaChapelle v. Berkshire Life Ins. Co.,* 142 F.3d 507, 508 (1st Cir.1998) (citations omitted). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), *quoted in Davis v. Monroe County Bd. of Education,* 526 U.S. 629, 119 S.Ct. 1661, 1676, 143 L.Ed.2d 839 (1999). *See also Correa–Martínez v. Arrillaga–Beléndez,* 903 F.2d 49, 52 (1st Cir.1990) (dismissal for failure to state a claim is warranted "only if it clearly appears, according to the facts alleged, that

the plaintiff cannot recover on any viable theory").

But "[a]lthough this standard is diaphanous, it is not a virtual mirage." *Berner v. Delahanty,* 129 F.3d 20, 25 (1st Cir.1997) *citing Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 515 (1st Cir.1988). In order to survive a motion to dismiss, "a complaint must set forth 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" *Id.* In judging the sufficiency of a complaint, courts must "differentiate between well-pleaded facts, on the one hand, and 'bald assertions, unsupportable conclusions, periphrastic circumlocution, and the like,' on the other hand; the former must be credited, but the latter can safely be ignored." *LaChapelle,* 142 F.3d at 508 (quoting *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir. 1996)). *See also Rogan v. Menino,* 175 F.3d 75, 77 (1st Cir.1999). Courts, moreover, "will not accept a complainant's unsupported conclusions or interpretations of law." *Washington Legal Foundation v. Massachusetts Bar Foundation,* 993 F.2d 962, 971 (1st Cir.1993). **Yet courts must bear in mind that apart from allegations of civil rights or RICO violations, fraud, mistake or standing, which are implicated in the present case,** "it is enough for a plaintiff to sketch an actionable claim by means of a generalized statement of facts from which the defendant will be able to frame a responsive pleading." *Langadinos v. American Airlines, Inc.,* 199 F.3d 68, 73 (1st Cir.2000) *(quoting Garita Hotel Ltd. Partnership v. Ponce Fed. Bank,* 958 F.2d 15, 17 (1st Cir.1992) (internal quotation. marks omitted)). In so doing, "a plaintiff can make allegations *either* on the basis of personal knowledge or on 'information and belief.'" *Id.*

■ The pleading requirements of Fed. R.Civ.P. 9(b)[1], however, extend to pleading predicate acts of fraud under the RICO Act[2]. *New England Data Services, Inc. vs. Becher,* 829 F.2d 286, 290 (1st. Cir.1987). "As in any other fraud case, the pleader is required to go beyond a showing of fraud and state the time, place and content of the alleged illegal and fraudulent act. *Feinstein v. Resolution Trust, Corp.,* 942 F.2d 34, 42 (1st Cir.1991); *Arzuaga–Collazo v. Oriental Federal Savings Bank,* 913 F.2d 5, 6–7 (1st Cir.1990)*(citing Figueroa Ruiz vs. Alegria,* 896 F.2d 645 at n. 3 (1st Cir.1990)).

■ A RICO Act claim that merely recites the statutory language under the guise of being a factual allegation, like the one made in the complaint, does not satisfy these pleading requirements. See *Feinstein,* 942 F.2d at 42–43. No factual circumstances surrounding the alleged illegal and fraudulent act are set forth in the amended complaint as to Lydia Ramos Claudio and Rafael Ocasio Claudio. It is not stated what role each Co-defendant played in the fraudulent conduct. *See Wayne Inv. v. Gulf Oil Corp.,* 739 F.2d 11, 13–14 (1st Cir.1984). On the other hand, even though Plaintiffs make an allegation in the Rico Case Statement against Rafael Ocasio Claudio, once again, they have not set forth dates, contents and circumstances surrounding the alleged violation. As to Lydia Ramos Claudio she is not even mentioned in the Rico Case Statement.

■ To avoid the dismissal of the complaint, Plaintiffs have to state facts sufficient to portray specific instances of racketeering activity within the ambit of the

---

1. Fed.R.Civ.P. 9 states:
   (b) Fraud, Mistake, Condition of the Mind. In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

2. 18 U.S.C. § 1962, *et seq.*

RICO Act, and a causal nexus between that activity and the harm alleged. A complaint brought under The RICO Act, 18 U.S.C. § 1962(c), requires proof of (1) conduct, (2) of an enterprise, (3) through a pattern of (4) racketeering activity. *H.J. Inc. v. Northwestern Bell Telephone Co.,* 492 U.S. 229, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989); *Miranda v. Ponce Federal Bank,* 948 F.2d 41 (1st. Cir.1991); *Feinstein,* 942 F.2d 34. The Court of Appeals for the First Circuit has indicated that more detailed statements of claim are required in racketeering, fraud and civil rights cases. *See Garita Hotel Ltd. Partnership, Inc. v. Ponce Federal Bank F.S.B.,* 958 F.2d 15, 17 n. 1 (1st. Cir.1992).

■ To succeed on their claim Plaintiff must plead and prove that the Co-defendants' scheme amounted to or posed a threat of continued criminal activity. *See H.J. Inc.,* 492 U.S. at 238–39, 109 S.Ct. 2893; *Feinstein,* 942 F.2d at 44. They must also show that their injuries arise not because of violations of law, public policy, or tortuous acts, but that they were proximately caused by and resulted from RICO predicates. *Miranda,* 948 F.2d 41.

In the case at hand, Plaintiffs allege that Co-defendants aided, abetted and rendered substantial assistance in the accomplishment of the scheme or artifice fraud. Plaintiffs further allege that fraud against the Insurance Companies consisted of a series of carefully orchestrated and synchronized transactions illegally representing false claims under original automobile insurance policies issued by the Insurance Companies for fictitious accidents, and that these fictitious claims were prepared as a result of a conspiracy and are the joint effort and product of all of the Co-defendants, solely and only for the unique purpose of presenting and processing those false claims to and with the Insurance Companies. However, Plaintiffs have not established or presented any direct or con-

crete allegations or evidence regarding Lydia Ramos Claudio and Rafael Ocasio Claudio's alleged involvement in the illegal and fraudulent scheme. Actually, after revising the amended complaint, we find that there is no specific allegations as to Lydia Ramos, at all. Although Rafael Ocasio Claudio is mentioned in one alleged fraudulent act in the RICO Act case statement, we find no allegations as to the factual circumstances that tie said Co-defendant with the fraudulent act.

**Conclusion**

We find that Plaintiffs have not stated sufficient facts to portray specific instances of racketeering activity within the ambit of the Racketeer Influence and Corrupt Organization Act as to Lydia Ramos Claudio and Rafael Ocasio Claudio. Plaintiffs' complaint does not meet the required pleading standard to survive a motion to dismiss, as to these two Defendants. Therefore, for the reasons stated herein, Co-defendants' Motion will be **GRANTED** and Plaintiffs' claims will be **DISMISSED WITHOUT PREJUDICE** against said Co-defendants.

**SO ORDERED.**