**Margaret C. JACOB, etc., Plaintiff, Appellant,**

v.

**Gregory CURT, Defendant, Appellee.**

**No. 89–1992.**

United States Court of Appeals, First Circuit.

Heard March 7, 1990.

Decided March 27, 1990.

Michael F. Burns, with whom Bigos, Burns & Partington were on brief for plaintiff, appellant.

Ira C. Lupu, Atty., Appellate Staff Civ. Div., with whom Stuart M. Gerson, Asst. Atty. Gen., Lincoln C. Almond, U.S. Atty., and Barbara L. Herwig, Atty., Appellate Staff Civ. Div., Dept. of Justice, Washington, D.C., were on brief for defendant, appellee.

Before CYR, Circuit Judge, and BOWNES and COFFIN, Senior Circuit Judges.

PER CURIAM.

We affirm the judgment of the district court on the basis of that court's reasoning on the issue of proximate cause. *See Jacob v. Curt,* 721 F.Supp. 1536, 1540–41 (D.R.I. 1989). We add only the following brief remarks:

■ 1. We reject appellant's contention that the district court improperly treated defendant's motion for dismissal under Fed.R.Civ.P. 12(b)(6) as a motion for summary judgment under Rule 56. We read the court's opinion to hold that, based on the allegations in the complaint, appellant failed as a matter of law to state a claim upon which relief could be granted. A plaintiff is not entitled to present affidavits and reach the summary judgment stage if her complaint, on its face, reveals an inadequate basis for her claim. Although the district court did refer to the "undisputed facts in the case," *see* 721 F.Supp. at 1540–41, there is no indication that the court relied on any material outside the allegations of the complaint, which included a lengthy recitation of facts.

■ 2. Although appellant struggles mightily to persuade us there is a triable issue concerning defendant Curt's "control" over the Bahamian government, the complaint is devoid of allegations that Curt was connected in any way with the officials who decided the IAT clinic should be closed. Contrary to counsel's suggestion at oral argument, there is no allegation that Curt ever directly communicated with the Bahamian government. Allegations that he wished the clinic closed or criticized the clinic are simply insufficient to satisfy the causation requirements of appellant's *Bivens* claim. *See Arnold v. IBM*, 637 F.2d 1350, 1356–57 (9th Cir.1981) (control over parties who caused actual deprivation important factor in assessing proximate cause). Indeed, appellant states in her complaint that a previous attempt to close the clinic, based on an allegedly flawed investigation by a doctor hostile to the IAT program, failed when the Bahamian government exercised its independent judgment and refused to close it.

In *Springer v. Seaman*, 821 F.2d 871, 878–79 (1st Cir.1987), we found it significant in reversing a grant of summary judgment that the defendants may have sabotaged the supposedly independent investigation conducted by the U.S. Postal Service that resulted in the plaintiff's discharge. In this case, in contrast, there is no assert-

ed involvement by the defendant in the decision-making that caused the harm. Even if the Bahamian government officials relied on Curt's research and opinions, the independent decision to credit his views and close the facility stands as a superseding cause of plaintiff's claimed harm. We would stretch the concept of proximate cause too thin were we to hold that a United States researcher could be held liable, based simply on the publication of his research conclusions, for the harms caused by a foreign government's decision to act consistently with those conclusions.

3. In light of our disposition, we need not and do not reach issues concerning the asserted constitutional right to medical treatment.

*Affirmed.*