**GARITA HOTEL LIMITED
PARTNERSHIP, ETC.,
Plaintiff, Appellant,**

v.

**PONCE FEDERAL BANK, F.S.B.,
et al., Defendants, Appellees.**

**No. 91–1685.**

United States Court of Appeals,
First Circuit.

Heard Feb. 5, 1992.

Decided March 5, 1992.

---

Jose R. Franco–Rivera, Hato Rey, P.R., for plaintiff, appellant.

Jorge Segurola, with whom Goldman Antonetti Ferraiuoli & Axtmayer, Hato Rey, P.R., was on brief, for defendant, appellee Ponce Federal Bank.

Before SELYA, Circuit Judge, ALDRICH and BOWNES, Senior Circuit Judges.

SELYA, Circuit Judge.

This appeal comes to us as a procedural motley. Finding a number of loose ends better resolved in the district court, we vacate the judgment and remand for further proceedings.

## I.

We limn the travel of the case, mentioning only those events that possess significance for purposes of appellate review.

Plaintiff-appellant Garita Hotel Limited Partnership (Garita) sued in the district court. Its complaint (actually, its amended

complaint, Garita's original complaint having no lingering importance) named as defendants the Government Development Bank (GDB) and Ponce Federal Bank (P–Bank). The complaint charged that GDB, by letter, a copy of which was annexed to the complaint, agreed to lend Garita $8,000,000 for acquisition and refurbishment of a hotel property, contemplating, however, that P–Bank, or some other financial institution, would lend an additional $6,000,000; that Garita accepted GDB's commitment letter, paying an $800,000 fee; that the defendants "agreed in principle" that P–Bank would lend the entire $14,000,000, subject to the terms of GDB's commitment letter; that Garita fulfilled all the requirements of the letter; but that P–Bank, nevertheless, refused to advance the funds and, rubbing salt in an open wound, demanded immediate repayment on certain "bridge loans" issued in anticipation of the permanent financing. The complaint itemized damages totalling $171,900,000.

In due course, P–Bank filed a pleading entitled "Motion to Dismiss and/or for Summary Judgment." The motion's central thesis was that the suit should be dismissed because, "[a]ccording to the allegations of the complaint," it was GDB, not the movant, that issued the loan commitment. The motion contended "[i]n the alternative" that Garita had failed to comply with a condition precedent to the lenders' obligations.

The district court seized on the "no commitment" ground. It noted that the commitment letter obligated GDB alone to provide the financing and concluded, therefore, that "Ponce Federal Bank was not a party to the contract allegedly breached." Although acknowledging that, under Rule 12(b)(6), a court "may dismiss for failure to state a claim only if it clearly appears, according to the facts alleged, that plaintiff cannot recover on any viable theory," the court found there was "no cause of action against Ponce Federal Bank upon which

relief may be granted." A judgment entered reciting that P–Bank's motion to dismiss had been allowed and the case dismissed "for failure to state a claim for which relief may be granted."

The plaintiff promptly sought reconsideration, pointing to documentary evidence showing conclusively that P–Bank had assumed GDB's position and agreed to lend the entire $14,000,000. The district court, in a margin order, denied the motion. This appeal ensued.

## II.

The jurisprudence of Civil Rule 12(b)(6) is well defined. An appellate court reviews the granting of a motion to dismiss *de novo,* applying the same criteria that obtained in the court below. *McCoy v. Massachusetts Institute of Technology,* 950 F.2d 13, 15 (1st Cir.1991). Thus, we take the factual averments contained in the complaint as true, indulging every reasonable inference helpful to the plaintiff's cause. *See Dartmouth Review v. Dartmouth College,* 889 F.2d 13, 16 (1st Cir. 1989); *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir.1988). Great specificity is ordinarily not required to survive a Rule 12(b)(6) motion. Apart from certain specialized areas not implicated here,[1] it is enough for a plaintiff to sketch an actionable claim by means of "a generalized statement of facts from which the defendant will be able to frame a responsive pleading." 5A C. Wright & A. Miller, *Federal Practice and Procedure* § 1357 (1990). In the last analysis, then, the court of appeals "may affirm a dismissal for failure to state a claim only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." *Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 52 (1st Cir. 1990).

In this case, the amended complaint, while inartfully drawn, passed mus-

---

1. We have required more detailed statements of claim in racketeering and civil rights cases, *see, e.g., Miranda v. Ponce Federal Bank,* 948 F.2d 41, 44 (1st Cir.1991) (RICO claim); *Dewey v. University of New Hampshire,* 694 F.2d 1, 3 (1st Cir.1982) (§ 1983 claim), *cert. denied,* 461 U.S. 944, 103 S.Ct. 2121, 77 L.Ed.2d 1301 (1983), as well as in cases involving fraud, *see, e.g., Powers v. Boston Cooper Corp.,* 926 F.2d 109, 111 (1st Cir.1991).

ter. Under the applicable standard, any ambiguities in the complaint should have been resolved in favor of the pleader's position.[2] Reading the allegations as a whole, in the light most favorable to the plaintiff, the complaint sufficiently averred that P–Bank, although not the original issuer of the commitment letter, ultimately agreed to undertake the loan, yet failed to consummate it. The "no commitment" ground was, therefore, impuissant, and the motion to dismiss was improvidently granted.

## III.

Although P–Bank now concedes that Garita's suit could not appropriately be dismissed on the "no commitment" ground,[3] it offers several reasons why the judgment should stand. We find these reasons unconvincing.

### A.

■ P–Bank asserts that, when Garita's motion for reconsideration was filed, the district court must have realized that its *ratio decidendi* was flawed; and that the court's refusal to reconsider necessarily signified a shift in emphasis to P–Bank's alternate ground. The fundamental problem with this approach is that the district court never indicated, either initially or on reconsideration, that it paid the slightest heed to the "condition precedent" argument. Allowing a litigant, on appeal, to put words not spoken below into the trial judge's mouth would be wrong. Thus, we reject P–Bank's effort to play the ventriloquist.

We need not paint the lily. This court has consistently followed the practice of reading district court orders according to their tenor and plain meaning. *See, e.g., Lefkowitz v. Fair*, 816 F.2d 17, 21–22 (1st

Cir.1987). Doing so here, we are unable to conclude that the court below considered, much less acted upon, the "condition precedent" ground.

### B.

■ Next, P–Bank contends that, because its alternative motion contained several documentary exhibits, the motion was automatically converted to a motion for summary judgment; and, accordingly, the record should be reviewed not under Rule 12(b)(6), but under the more astrictive Rule 56 standard. We believe that this contention sweeps too broadly.

> To be sure, the civil rules provide that: If, on a motion [under Rule 12(b)(6)] to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in rule 56 ...

Fed.R.Civ.P. 12(b)(6). There is some division in the authorities as to how, and under what circumstances, the process of conversion occurs. *See Gilbert v. City of Cambridge*, 932 F.2d 51, 60 n. 11 (1st Cir.) (noting differing views), *cert. denied,* —— U.S. ——, 112 S.Ct. 192, 116 L.Ed.2d 153 (1991).

■ We think the proper approach to Rule 12(b)(6) conversion is functional rather than mechanical. A motion to dismiss is not automatically transformed into a motion for summary judgment simply because matters outside the pleadings are filed with, and not expressly rejected by, the district court. If the district court chooses to ignore the supplementary materials and determines the motion under the Rule 12(b)(6) standard, no conversion occurs.[4]

---

2. Moreover, the request for reconsideration eliminated any possible ambiguity as to P–Bank's commitment to the commitment. When a timely request for reconsideration clarifies an otherwise fatal ambiguity in a complaint, an order for outright dismissal will not ordinarily be perpetuated. *See Rivera–Gomez v. de Castro*, 843 F.2d 631, 634–36 (1st Cir.1988).

3. P–Bank admits that the documents referenced in Garita's motion for reconsideration satisfactorily "evidence [P–Bank's] approval of the loan and assumption of GDB's commitment letter," thus requiring abandonment of the "no commitment" argument. Appellee's Brief at 8 n. 3.

4. We find support for our position in *Jacob v. Curt*, 898 F.2d 838 (1st Cir.1990) (per curiam). There, we held that the existence of an affidavit

*Accord Hall v. Bellmon,* 935 F.2d 1106, 1111 n. 4 (10th Cir.1991); *Griffith v. Johnston,* 899 F.2d 1427, 1432–33 n. 2 (5th Cir. 1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 712, 112 L.Ed.2d 701 (1991); *Martin v. Sargent,* 780 F.2d 1334, 1336–37 (8th Cir. 1985); *North Star Int'l v. Arizona Corp. Comm'n,* 720 F.2d 578, 582 (9th Cir.1983); *Ware v. Associated Milk Producers,* 614 F.2d 413, 414–15 (5th Cir.1980) (per curiam); *but see Grand Union Co. v. Cord Meyer Dev. Corp.,* 735 F.2d 714, 716–17 (2d Cir.1984) (per curiam) (presence of affidavits automatically converts a Rule 12(b)(6) motion into motion for summary judgment unless the affidavits are expressly excluded by the district court); *Dayco Corp. v. Goodyear Tire & Rubber Co.,* 523 F.2d 389, 392 (6th Cir.1975) (similar). In other words, the test is not whether supplementary materials were filed, but whether the court actually took cognizance of them, or invoked Rule 56, in arriving at its decision.

In this instance, the district court made no reference to the exhibits attached to P–Bank's motion and phrased its decision entirely in the idiom of Rule 12(b)(6). Under the circumstances, there was no conversion. Hence, the summary judgment standard was inapposite. *Cf., e.g., Advance Fin. Corp. v. Isla Rica Sales, Inc.,* 747 F.2d 21, 26 n. 10 (1st Cir.1984) (discussing appellate court's deference "to the trial judge's characterization" of his orders).

### C.

■ P–Bank's final asseveration urges us to hinge our decision on the alternate ground specified in its motion, notwithstanding that the district court neither invoked Rule 56 nor considered the "condition precedent" defense. Although an ap-

pellate court in the federal system is not married to the district court's reasoning, and has discretionary authority to affirm a judgment on any independently sufficient ground exemplified in the record, *see, e.g., Chongris v. Board of Appeals,* 811 F.2d 36, 37 n. 1 (1st Cir.), *cert. denied,* 483 U.S. 1021, 107 S.Ct. 3266, 97 L.Ed.2d 765 (1987), we do not believe it would be appropriate to exercise our power in this case.

For one thing, the record is not entirely clear as to the scope of the condition precedent upon which P–Bank relies.[5] For another thing, Garita claims that the district court foreshortened discovery and that the limitation was premature. Given the lower court's focus on the "no commitment" issue, we think Garita is entitled to further discovery before confronting a straight Rule 56 motion addressed to the "condition precedent" ground. *Cf., e.g.,* Fed.R.Civ.P. 56(f).

### IV.

We need go no further. It comes with a special sort of ill grace for P–Bank, having mapped alternative routes to guide the district court in disposing of the case, to complain when one of its handpicked routes turns into a dead end. Thus, we decline the appellee's invitation to take a surrealistic view of the record and confine our inquiry to what actually transpired below. On that basis, we rule that the judgment of dismissal must be vacated and the case remanded to the district court for further proceedings.

*Vacated and remanded. Costs to appellant.*

---

did not entitle the plaintiff to "reach the summary judgment stage" where there was no sign that the court relied on the affidavit and the plaintiff's complaint, "on its face, reveal[ed] an inadequate basis for her claim." *Id.* at 839.

5. P–Bank's position is that Garita failed to comply with condition 7(h) of the commitment letter. That condition required the borrower, by a date certain, to submit "acceptable evidence" that it has "obtained a franchise of a hotel chain acceptable to GDB and/or a management con-

tract has been signed ... for the operation of the hotel and casino...." P–Bank claims that this condition obligated Garita to "obtain[ ] a franchise or management agreement *for the operation of a casino.*" Appellee's Brief at 5 (emphasis supplied). We *do not* think the language of condition 7(h) must inevitably be read in that restrictive fashion. And, the record is less than conclusive as to either the parties' intent or the availability of a hotel-chain franchise (sans casino).