Wheeler v. Mobil                          CV-94-228-B    11/17/94

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE


David Wheeler, d/b/a/
Environmental Construction Products

     v.                                 Civil No. 94-228-B

Mobil Chemical Company, Inc.


**O R D E R**


David Wheeler, doing business as Environmental Construction Products, filed suit against Mobil Chemical Company, Inc. for tortious interference with contract and for violation of N.H. Rev. Stat. Ann. § 356:2 (1984), New Hampshire's version of the Sherman Antitrust Act.  Mobil moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).  In ruling on this motion, I construe the complaint's allegations in the light most favorable to Wheeler, and I will grant the motion only if Wheeler cannot prevail on any viable theory.  Garita Hotel Ltd. v. Ponce Fed. Bank, F.S.B., 958 F.2d 15, 17 (1st Cir. 1992) (quoting Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990)).

Wheeler contends in Count II[1] that Mobil violated one of New Hampshire's antitrust laws "by acquiring the assets of the plaintiff's supplier with the sole purpose of driving the plaintiff out of business and exercising sole control over the market of the plaintiff."

I am guided by federal antitrust law in construing New Hampshire's antitrust statutes. N.H. Rev. Stat. Ann. § 356:14 (1984); see Kenneth E. Curran, Inc. v. Auclair Transp., Inc., 128 N.H. 743, 748, 519 A.2d 280, 284 (1986) (per curiam). Using federal antitrust principles and resolving any ambiguities in the pleadings in favor of the pleader, I understand Wheeler to allege that, by acquiring Rivenite's assets and refusing to honor his distributorship contract, Mobil is guilty of an unlawful non-price vertical restraint of trade.[2] See Monsanto Co. v. Spray-

_____

[1]In Count I of his complaint, Wheeler alleges that he had an exclusive distributorship contract with Rivenite Corporation and that Mobil induced Rivenite to breach the contract causing Wheeler loss of economic expectancy. Mobil's motion to dismiss this count is denied without prejudice to its right to file a properly supported motion for summary judgment on the same grounds. In addition, Mobil agreed to allow the plaintiff to amend the complaint to name the correct defendant. Therefore, Mobil's motion to dismiss on that ground need not be addressed.

[2]To state a claim for unreasonable, nonprice, vertical restraint, a plaintiff must show (1) an agreement among two or more business entities or persons, (2) which is intended to harm or unreasonably restrain competition, and (3) which actually causes injury to competition. Quaker State Corp. v. Leavitt, 839 F. Supp. 76, 80 (D. Mass. 1983); see also, Les Shockley Racing v.

Rite Svc. Corp., 465 U.S. 752, 761 (1984) (noting distinction between price and nonprice restrictions in distribution termination cases).  Thus, the rule of reason controls this case. Continental T.V. Inc. v. GTE Sylvania Inc., 433 U.S. 36, 59 (1977), on remand, 461 F. Supp. 1046 (N.D. Cal. 1978), aff'd, 694 F.2d 1132 (9th Cir. 1982).  Even construing the complaint in this manner, however, it fails to state an actionable antitrust claim for three independent reasons.

First, an essential element of the type of claim Wheeler asserts is that the defendant's unlawful actions were the result of a "contract, combination or conspiracy."  N.H. Rev. Stat. Ann. § 356:2; see also, Jay Edwards, Inc. v. Baker, 130 N.H. 41, 47, 534 A.2d 706, 709 (1987) (per curiam) (manufacturer's unilateral decision to cease dealings with distributor or retailer cannot satisfy this requirement); see, e.g., Monsanto, 465 U.S. at 761 (independent action not proscribed by Sherman Act); United States v. Colgate & Co., 250 U.S. 300, 306 - 07 (1919).

Wheeler attempts to satisfy this requirement by alleging that Mobil participated in a "contract in restraint of trade." The complaint, however, is void of any facts to support this

National Hot Rod Ass'n, 884 F.2d 504, 507 (9th Cir. 1989).

3

assertion.  Moreover, the complaint as a whole, suggests that Mobil acted unilaterally when it acquired Rivenite's business. See Quaker State, 839 F. Supp. at 79 (unilateral action does not rise to level of violation of Sherman Act) (citing Colgate, 250 U.S. at 307).  Under such circumstances, Wheeler's conclusory allegation that Mobil engaged in a contract in restraint of trade is insufficient to withstand Mobil's motion to dismiss.

Second, a viable antitrust claim of the type Wheeler asserts must also allege that the challenged action caused injury to competition in the relevant market.  Continental T.V., 433 U.S. at 49 (interpreting § 1 of Sherman Act to mandate assessment of restraints effect on competition).  In other words, the challenged action must have an anti-competitive effect.  Quaker State, 839 F. Supp. at 79; see also, Continental T.V., 433 U.S. at 58.  Wheeler fails to even allege that Mobil's actions will have an anti-competitive effect.  Instead, he claims only that Mobil's actions will injure him by depriving him of his ability to sell the product Mobil now controls.  Even if Wheeler's claim were true, it would not establish that Mobil's actions will have an anti-competitive effect.  See Les Shockley Racing, 884 F.2d at 508 (harm to plaintiff's business interest alone does not suffice to establish injury to competition in relevant market as a

4

whole). Plaintiffs claiming a violation of § 365:2, or its federal counterpart, must show "a reduction of competition in the market in general and not mere injury to their own position as competitors in the market." Id. (citations omitted). Wheeler's complaint is silent with respect to the effect of his injury upon the relevant market. Thus, the complaint is defective because it fails to allege any injury to competition.

Finally, any antitrust plaintiff must allege that he has suffered "antitrust injury." Atlantic Richfield Co. v. USA Petroleum Co., 495 U.S. 328, 334 (1990) (plaintiff may not recover damages under Clayton Act merely by asserting injury caused by illegal presence in market), on remand, 972 F.2d 1070 (9th Cir. 1992), withdrawn and substituted on reh'g, 13 F.3d 1276 (9th Cir. 1994); see also, Heisen v. Pacific Coast Bldg. Prod., No. 92-16661, 1994 U.S. App. LEXIS 14332, at *3 (9th Cir. June 9, 1994) (essential element of claim under either § 1 or § 2 of Sherman Act is antitrust injury). Courts define antitrust injury as a type of injury the antitrust laws were designed to prevent and which flows from that which makes the defendant's actions unlawful. Sullivan v. Tagliabue, 25 F.3d 43, 48 (1st Cir. 1994) (quoting Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc., 429 U.S. 477, 489 (1977)); see also, Associated Gen. Contractors v. Cal.

5

State Council of Carpenters, 459 U.S. 519, 534 (1983) (Congress did not intent to provide damages remedy for every injury traceable to antitrust violation). "The antitrust laws were enacted...for 'the protection of competition, not competitors.'" Brunswick, 429 U.S. at 488 (citations omitted). Thus, the plaintiff's alleged injury must be "attributable to an anti-competitive aspect of the practice under scrutiny." Atlantic Richfield Co., 495 U.S. at 334.

Wheeler has failed to allege an antitrust injury. In essence, Wheeler claims that Mobil's merger with Rivenet harmed him in his individual business because Mobil refused to assume his distributorship contracts. "Every merger of two existing entities into one, whether lawful or unlawful, has the potential for producing economic readjustments that adversely affect some persons." Brunswick, 429 U.S. at 487. Wheeler claims only that Mobil's actions will injure him by depriving him of his ability to sell the product Mobil now controls. While this may be true, the plaintiff failed to allege that his injury was one that affected competition in the relevant market or was necessary to effectuate an anticompetitive effect. Wheeler's bare assertion that these actions restrained trade are not sufficient to support a claim for an antitrust violation. See Les Shockley, 884 F.2d

at 508 (claimant may not recite bare legal conclusion that there has been restraint on trade).

## CONCLUSION

Mobil's Motion to Dismiss (document no. 4) is denied without prejudice with respect to Count I and granted with respect to Count II.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

November 11, 1994

cc:  Robert J. Rabuck, Esq.
     Timothy G. Kerrigan, Esq.
     John B. Williams, Esq.

7