In re BOSTON INVESTORS
GROUP, L.P., Debtor.

BOSTON INVESTORS GROUP,
L.P., Plaintiff,

v.

The CADLE COMPANY
11, INC., Defendant.

Bankruptcy No. 94–17630 WCH.
Adv. No. 95–1177.

United States Bankruptcy Court,
E.D. Massachusetts.

June 13, 1995.

---

Stephen E. Shamban and Frederick Watson, Braintree, MA, for plaintiff.

Warren J. Hurwitz, Chestnut Hill, MA, for defendant.

## DECISION ON DEFENDANT'S MOTION TO DISMISS

WILLIAM C. HILLMAN, Bankruptcy Judge.

The debtor ("BIG"), as the sole beneficiary of MMG Realty Trust ("MMG"), brought this adversary proceeding to avoid a second mortgage granted by Marvin M. Glick ("Glick") on certain real estate owned by MMG. Debtor alleges that there was no consideration for the mortgage and that it is avoidable as a fraudulent conveyance under M.G.L. c. 109A § 4. The defendant, The Cadle Company II, Inc. ("Cadle"), has moved to dismiss the complaint.

The following facts are drawn from the complaint.

Glick was the general partner of MMG. The sole beneficiary of the Trust is BIG. MMG owned seven condominium units in Boston.

Glick also did business other than as general partner of MMG. In 1989 and 1990, acting in his individual capacity, he borrowed

various sums from Coolidge Bank and Trust Company ("Coolidge"). Those loans were unsecured.

In 1991 Glick, acting as trustee of MMG, granted a mortgage to Coolidge to secure the preexisting notes [1] which had an aggregate balance due of $362,297. The notes are specifically described in the mortgage and no other sums are specified as secured thereby.

Coolidge failed and its assets were acquired by the Federal Deposit Insurance Corporation ("FDIC") as liquidating agent. FDIC subsequently assigned the mortgage and the notes which it secures to Cadle.

 In ruling upon a motion to dismiss, the Court must accept as true all well pleaded factual allegations of the complaint. *United States Trust Co. v. Raritan River Steel Co. (In re American Spring Bed Mfg. Co.)*, 153 B.R. 365, 370 (Bankr.D.Mass.1993). The plaintiff must be given the benefit of all reasonable inferences, and the motion must be denied unless it appears that plaintiff can prove no set of facts in support of its claims that would entitle it to the relief sought. *Hishon v. King & Spalding*, 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

 Great specificity is ordinarily not required to survive a Rule 12(b)(6) motion. It is enough for a plaintiff to sketch an action claim by means of a generalized statement of facts from which the defendant will be able to frame a responsive pleading. *Garita Hotel Limited Partnership v. Ponce Federal Bank*, 958 F.2d 15, 17 (1st Cir.1992).

The motion to dismiss is based upon the Supreme Court decision in *D'Oench Duhme & Co. v. Federal Deposit Insurance Corporation*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942), and the subsequent codification of its doctrine in 12 U.S.C. § 1823(e).[2] Cadle argues that *D'Oench* prohibits the debtor from claiming lack of consideration by referring to circumstances outside of the bank's records.

As to *D'Oench*, Cadle correctly summarizes its holding as being that "the defense to collection of a note could not be premised upon 'a scheme or arrangement whereby the banking authority ... was likely to be misled.' " *Motion to Dismiss*, unnumbered page. The subsequently enacted statute has specific requirements:

"No agreement which tends to diminish or defeat the interest of [FDIC] in any asset acquired by it under this section or section 1821 of this title, either as security for a loan or by purchase or as receiver of any insured depository institution, shall be valid against [FDIC] unless such agreement—

"(A) is in writing,

"(B) was executed by the depository institution and any person claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the depository institution,

"(C) was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and

"(D) has been, continuously, from the time of its execution, an official record of the depository institution."

 The purpose of the *D'Oench* holding and the statute "is to insulate the FDIC from unwritten side agreements between borrowers and failed banks that would diminish the assets that the FDIC acquires from failed banks *and that are not apparent from the bank's records.*" *The Cadle Co. v. McKernan (In re McKernan)*, 180 B.R. 350, 354 (Bankr.D.Mass.1995) (emphasis added).

Cadle correctly points out that the FDIC was entitled to rely upon the documents which it received from Coolidge. *Motion to Dismiss*, unnumbered page. If BIG's argument were based upon a secret side agreement, Cadle's point would be well taken. The situation is different here because the mortgage indicates on its face that the obligations secured thereby are not obligations

---

1. One of the notes was made by "Jamar Properties III" but I have no information about its relationship to BIG, MMG, Glick, or any of them.

2. Cadle also urges that 12 U.S.C. § 1821(d)(9)(A) enforces the rule. It provides that any agreement which does not meet the requirements of § 1823(e) "shall not form the basis of, or substantially comprise, a claim against" FDIC.

of the mortgagor. There is no connecting document, such as a guaranty by MMG of Glick's notes.

Under these circumstances, the *D'Oench* doctrine is inapposite. The issue is whether under the documents themselves BIG could raise the claims of lack of consideration and fraudulent conveyance against FDIC. Given the test for a motion to dismiss, I cannot say that BIG could not prove a set of facts in support of its claims sufficient to entitle it to the relief sought.

I need not reach the issues of the availability to Cadle of FDIC's defenses,[3] nor the merits of BIG's claims. The motion to dismiss is a limited one, and must be denied.

### ORDER

For the reasons stated in the accompanying decision, it is ORDERED:

1. Defendant's motion to dismiss is denied.

2. Defendant shall serve and file its answer or otherwise plead to the complaint within two (2) weeks from the date hereof.

**3.** BIG concedes that Cadle stands in FDIC's shoes. *Plaintiff's Supplemental Memorandum* 3.