Byrd v. Appalachian Mtn. Club        CV-95-625-JD  05/13/96
                UNITED STATES DISTRICT COURT FOR THE
                     DISTRICT OF NEW HAMPSHIRE


Betsy Byrd, et al.

        v.                              Civil No. 95-625-JD

Appalachian Mountain Club


                        O R D E R


     The defendant Appalachian Mountain Club ("AMC") has moved to
dismiss counts one through five of the amended complaint pursuant
to Fed. R. Civ. P. 12(b)(6).

     A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is one of
limited inquiry, focusing not on "whether a plaintiff will
ultimately prevail but whether the claimant is entitled to offer
evidence to support the claims." Scheuer v. Rhodes, 416 U.S.
232, 236 (1974). Accordingly, the court must take the factual
averments contained in the complaint as true, "indulging every
reasonable inference helpful to the plaintiff's cause." Garita
Hotel Ltd. Partnership v. Ponce Fed. Bank, 958 F.2d 15, 17 (1st
Cir. 1992); see also Dartmouth Review v. Dartmouth College, 889
F.2d 13, 16 (1st Cir. 1989). In the end, the court may grant a
motion to dismiss under Rule 12(b)(6) "`only if it clearly
appears, according to the facts alleged, that the plaintiff
cannot recover on any viable theory.'" Garita, 958 F.2d at 17

(quoting <u>Correa-Martinez v. Arrillaga-Belendez</u>, 903 F.2d 49, 52 (1st Cir. 1990)).

In count one the plaintiff, Betsy Byrd ("plaintiff"), claims she was constructively discharged wrongfully because she reported incidents of sexual harassment by an applicant for AMC employment to a member of the AMC Board of Directors and to the AMC Human Resources manager. The plaintiff claims that it is contrary to public policy to be constructively discharged from employment for reporting incidents of sexual harassment to AMC officials. The defendant, relying on the case of <u>Smith v. FW Morse & Co., Inc.</u>, No. 95-1556, 1996 WL 46919 (1st Cir. Feb. 12, 1996), asserts that the plaintiff's claim is barred. The defendant's reliance on <u>Smith</u> is misplaced. The plaintiff recognizes that Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000-e:(b) exempts nonprofit corporations from coverage under Title VII. In count one of her amended complaint, the plaintiff does not bring a Title VII claim but rather sets forth a claim for wrongful discharge. While the plaintiff may not have a claim under Title VII, Title VII does not preclude her from bringing a common law wrongful discharge claim. The court rejects the argument asserted by the defendant that Title VII's exclusion of nonprofit corporations from the application of its provisions establishes a policy that employees of nonprofit corporations cannot seek

2

redress under the common law for being wrongfully discharged for reporting sexual harassment. See Gardner v. Blue Mountain Forest Assoc., No. CV-94-599-M, 1995 WL 623279 (D.N.H. July 27, 1995). Therefore, the defendant's motion to dismiss count one is denied.

The defendant has moved to dismiss count two which alleges a claim for intentional infliction of emotional distress. The motion is granted. The court relies on the reasoning set forth in Miller v. CBC Cos., Inc., No. CV-95-24-SD, 1995 WL 704989, at *11 (D.N.H. Nov. 29, 1995); Frechette v. Wal-Mart Stores, Inc., No. CV-94-430-JD (D.N.H. Sept. 26, 1995); and Foster v. Wal-Mart, Inc., No. CV-94-571-JD (D.N.H. Mar. 15, 1996).

The defendant has moved to dismiss the negligent supervision claim in count three. The plaintiff alleges that the AMC did not exercise due care in training, supervising and controlling Blackmer and others superior to the plaintiff in order to protect her rights and to enforce AMC's policies protecting employees' rights. The plaintiff seeks damages for out-of-pocket expenses, lost income, severe emotional distress with resulting physical symptoms, loss of reputation, self-esteem and standing. She also seeks enhanced compensatory damages. The plaintiff's negligent supervision claim arises directly out of her employment relationship with AMC and with her co-employees, and the gravamen of the claim is that she was wrongfully discharged for reporting

incidents of sexual harassment.  To the extent that under this claim she seeks damages for emotional distress, the claim is barred by the exclusivity provisions of N.H. Rev. Stat. Ann. § 281-A:8.  See Foster v. Wal-Mart, Inc., supra.  With respect to the other damages she is seeking, the plaintiff cannot recast what is essentially a wrongful discharge claim as a negligent supervision claim and thereby change the essential elements she must prove in order to prevail.  New Hampshire law provides a remedy for wrongful discharge and that is the remedy the plaintiff must pursue.  Cf. Peck v. MGM Insurance Co., et al., No. CV-94-90-B (D.N.H. June 21, 1995) (court granted defendant's motion for summary judgment on negligent supervision claim on ground that under the circumstances alleged the New Hampshire Supreme Court had not yet recognized a cause of action).  The court grants defendant's motion to dismiss count three.

In count four, the plaintiff alleges that AMC breached implied covenants of good faith and fair dealing.  The court grants defendant's motion to dismiss count four relying on the reasoning in Frechette v. Wal-Mart Stores, Inc., supra; Robinson v. Coronia, No. CV-92-306-B (D.N.H. Jan. 4, 1996); and Douglas v. Coca-Cola Bottling Co. of Northern N.E., et al., No. CV-94-97-M (D.N.H. Nov. 6, 1995).

4

The defendant's motion to dismiss count five is denied since count one remains.

Summary

Defendant AMC's motion to dismiss is denied as to counts one and five, and granted as to counts two, three, and four.  The clerk shall schedule a status conference at which counsel shall be prepared to discuss settlement.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
Chief Judge

May 13, 1996

cc:  Christopher E. Grant, Esquire
     Paul McEachern, Esquire
     Martha V. Gordon, Esquire