Continental Indus. v. Coltec Indus.   CV-96-264-JD  02/04/97
UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Continental Industries, Inc.

        v.                           Civil No. 96-264-JD

Coltec Industries, Inc.


                            O R D E R


    The plaintiff and counterclaim-defendant, Continental

Industries, Inc. ("Continental"), brought this action under the

Comprehensive Environmental Response, Compensation, and Liability

Act of 1980 ("CERCLA"), 42 U.S.C. §§ 9601-9675, against the

defendant and counterclaim-plaintiff, Coltec Industries, Inc.

("Coltec").  Before the court is Continental's motion to dismiss

Coltec's counterclaims (document no. 9).


                           Background

    This action concerns environmental contamination of a site

located on Monument Road in Hinsdale, New Hampshire.  Coltec and

its predecessors-in-interest[1] owned and operated a manufacturing

operation at the site, which is now owned by Continental.  From

approximately 1967 through 1977, Coltec's operation used the

_____

    [1]Coltec's predecessors-in-interest at the site are Pratt &
Whitney, Inc. and Coltec Industries Operating Corporation.  This
order refers to Coltec generally to denote either Coltec or its
relevant predecessor-in-interest.

contaminant perchloroethylene (PCE) as a chemical degreaser for metal drill bits and end mills at the site. Continental alleges that Coltec periodically discharged PCE into a drywell on the site.

Coltec sold the site to Continental in 1977. Continental subsequently discovered that the site was contaminated by hazardous wastes, including PCE. It instituted this action against Coltec, seeking, inter alia, monetary damages representing the costs of cleaning up the site and a declaratory judgment that Coltec is liable to Continental for future response costs. Coltec filed a six-count counterclaim against Continental, asserting the following: (1) Continental is jointly and severably liable to Coltec for all response costs on a cost recovery theory under 42 U.S.C. § 9607(a); (2) Coltec is entitled to a declaratory judgment that Continental is liable to Coltec for future necessary costs of response; (3) if Coltec is liable under CERCLA, then Continental is liable to Coltec for contribution under 42 U.S.C. § 9613(f); (4) Coltec is entitled to a declaration of the rights and duties of itself and Continental arising from this dispute; (5) Coltec is entitled to statutory contribution from Continental under N.H. Rev. Stat. Ann. ("RSA") § 147-B:10; and (6) Coltec is entitled to statutory contribution from Continental in accordance with RSA § 507:7-f.

Continental has moved to dismiss Coltec's counterclaims against it, asserting that (1) as a party liable under CERCLA Coltec cannot maintain a cost recovery action against Continental, and (2) because Coltec has not shown that Continental polluted the site it cannot maintain a contribution claim against Continental.[2]

## Discussion

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is one of limited inquiry, focusing not on "whether a [party] will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Accordingly, the court must take the factual averments contained in the counterclaim as true, "indulging every reasonable inference helpful to the [counterclaim] plaintiff's cause." Garita Hotel Ltd. Partnership v. Ponce Fed. Bank, 958 F.2d 15, 17 (1st Cir. 1992); see also Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989). Great specificity is not required to survive a Rule 12(b)(6) motion. "[I]t is enough for a plaintiff to sketch an actionable claim by

---

[2]Continental's first argument is directed at Coltec's first two counterclaims and its second argument is directed at the remaining counterclaims.

3

means of 'a generalized statement of facts from which the defendant will be able to frame a responsive pleading.'" <u>Garita</u>, 958 F.2d at 17 (quoting 5A Charles A. Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1357 (1990)). In the end, the court may grant a motion to dismiss under Rule 12(b)(6) "'only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory.'" <u>Garita</u>, 958 F.2d at 17 (quoting <u>Correa-Martinez v. Arrillaga-Belendez</u>, 903 F.2d 49, 52 (1st Cir. 1990)).

For a private-action plaintiff to prevail in a cost recovery action under 42 U.S.C. § 9607(a) it must

> prove that (1) a release of a "hazardous substance" from the subject "facility" occurred or is threatened; (2) the defendant comes within any of four categories of "covered persons," which include current owners or operators of the facility, <u>see</u> 42 U.S.C. § 9601(9)(B), as well as the owners and operators of the facility at the time the contamination occurred; (3) the release or threatened release has caused (or may cause) the claimant to incur response costs; and (4) the response costs are "necessary" and "consistent with the national contingency plan."

<u>In re Hemingway Transp., Inc.</u>, 993 F.2d 915, 931 (1st Cir. 1993) (footnote omitted). Coltec's counterclaim asserts that (1) the site is a "facility," (2) Continental currently owns and operates the site, (3) the site contains "hazardous substances" which have been released or threaten to be released from it, and (4) Coltec has incurred and will continue to incur "necessary" costs of

4

"response" because of the release of such substances. Coltec's Answer and Counterclaim, at 17-18. Coltec also claims that at some point Continental used organic solvents as part of its operation at the site and that Continental "owned and/or operated the Site at the time of disposal of hazardous substances at the site." Id. at 17, 18. If Coltec proves these assertions, it would be entitled to a cost recovery against Continental. See Hemingway, 993 F.2d at 931.

Despite the fact that Coltec has stated a cognizable counterclaim under 42 U.S.C. § 9607 against Continental, Continental argues that Coltec's counterclaims should be dismissed because "a liable party, like Coltec, may not maintain a cost recovery action under CERCLA but may only assert a contribution claim based on the parties proportionate fault for the counterclaim." In addition, Continental argues that "Coltec has failed to allege any facts to support its contribution counterclaims, as there is no evidence Continental contributed to the contamination at the property." Both arguments are unavailing.

Continental's first argument fails because Continental has not yet established that Coltec is a liable party under CERCLA. Continental has asserted Coltec's liability and may ultimately prevail on this claim, but Continental assumes a resolution in

5

its favor of the question that lies at the heart of the very controversy with which this lawsuit is concerned.[3]

Continental's second argument also fails. Although Continental has asserted that there is no evidence that it polluted the site and thus it cannot be liable for contribution, Coltec's assertion that Continental "owned and/or operated the site at the time of disposal of hazardous substances at the site," if proven, would entitle Coltec to contribution from Continental with respect to those costs. Taking the counterclaim and the facts alleged therein in the light most favorable to Coltec, the court finds that Coltec has "sketch[ed] an actionable claim." See Garita, 958 F.2d at 17.

---

[3]Continental cites United Techs. Corp. v. Browning-Ferris Indus., Inc., 33 F.3d 96 (1st Cir. 1994), in support of its assertion. Its reliance on United is misplaced. Although in United the First Circuit held that a party liable under CERCLA could not pursue a cost recovery claim but must instead seek contribution, there the party seeking to assert a cost recovery claim had entered into a consent decree establishing its own liability. See id. at 97, 101. Because here Coltec maintains that it is not liable under CERCLA, at this stage it is not barred from seeking a cost recovery from Continental.

<u>Conclusion</u>

For the reasons stated above, Continental's motion to dismiss Coltec's counterclaims (document no. 9) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
Chief Judge

February 4, 1997

cc:  Mark C. Rouvalis, Esquire
     George R. Moore, Esquire
     Charles E. Merrill, Esquire
     John R. Mayo, Esquire
     Daniel P. Luker, Esquire

7