**James BERARD, Plaintiff,**

v.

**TOWN OF MILLVILLE, Town Executor Secretary, Mark Wyner, Timothy P. Ryan, Individually and as Chief of Police of the Town of Millville, Madeline Gauthier, and Jennifer Dean, Defendants.**

**No. Civ.A. 99–40192–NMG.**

United States District Court, D. Massachusetts.

Sept. 22, 2000.

Robert F. Cressie, Milford, MA, for Plaintiff.

Margaret J. Hurley, Mirick, O'Connell, DeMallie & Lougee, Worcester, MA, Nancy Frankel Pelletier, Robinsonn, Donovan, Madden & Barry, Springfield, MA, for Defendants.

## MEMORANDUM & ORDER

GORTON, District Judge.

Plaintiff James Berard ("Berard"), a dispatcher for the Town of Millville ("the Town"), alleges violations of his civil rights by his job supervisor. He asserts claims against Timothy Ryan, the Chief of Police of the Town ("the Chief"), for slander and for violations of his First Amendment right to freedom of speech under 42 U.S.C. § 1983 and the Massachusetts Civil Rights Act ("the MCRA"), M.G.L. c. 12, §§ 11H, I, as well as a claim of *respondeat superior*

against the Town pursuant to 42 U.S.C. § 1983.

Berard's complaint also charges that Madeline Gauthier ("Gauthier") and Jennifer Dean ("Dean"), Selectwomen of the Town, slandered him at a meeting of the Board of Selectmen. The caption of the complaint names Mark Wyner ("Wyner"), "Town Executor Secretary", as a defendant but the complaint itself does not set forth a claim against him.[1]

Pending before this Court are (1) a motion to dismiss by Wyner, Dean and Gauthier (Docket No. 3), (2) a motion to dismiss by the Town and the Chief (Docket No. 5) and (3) a motion to amend the complaint by Berard (Docket No. 8).

## I. Background

Berard alleges the following facts, which defendants do not dispute for purposes of the pending motions.

On March 6, 1997, while on duty as a dispatcher for the Town's Police Department, Berard received a call that a tree had fallen on a school bus. The caller told him that there were no injuries to any of the occupants of the bus.

Berard made a report of the incident and then immediately informed the Chief of Police of the incident. He told the Chief that he was dispatching the Town's Tree Warden to the scene and was contacting the bus company to request a replacement vehicle. The Chief responded "ok." About an hour later, the Chief asked Berard what was happening with the tree incident and Berard reminded him of the steps he had taken. The Chief contacted the Tree Warden by radio for assurance that the situation was under control. Later that day, the driver of the bus came to the police station and questioned the Chief as to his whereabouts during the incident.

Early the next morning, the Chief came to Berard's residence and asked him why he had recorded in the station log that he had told the Chief about the incident when he had not done so. According to Berard, the Chief said, "One of us is going down for this and it sure as hell is not going to be me." The Chief ordered Berard to call the parents of the children who had been on the bus to apologize and to take the blame for the absence of any police at the scene. The Chief told Berard that he would not have a job if he did not follow his order. Berard complied and called the parents.

The next day, two Selectmen contacted Berard and requested that he complete a report for the Board of Selectmen. The Chief ordered Berard not to write the report and, instead, wrote a report himself and ordered Berard to sign it, which Berard did because he feared losing his job.

Selectwomen Gauthier, via certified mail, ordered Berard to attend the next Board of Selectmen's meeting to answer questions regarding the incident. The Chief, however, ordered Berard not to attend the meeting, stating that he would take full responsibility for Berard's non-attendance. The Chief informed Berard that he would be reprimanded for his role in the incident, would be required to work two days without pay and would have to attend retraining courses.

Berard did not attend the Board of Selectmen meeting. At the meeting the Chief stated, "Dispatchers get a slew of calls every day but that is not an excuse. He made a mistake and he apologized for it." The Chief publicly recommended that Berard work two days without pay and attend dispatcher retraining as punishment.

## II. Discussion

A motion to dismiss for failure to state a claim may be allowed only if it appears, beyond doubt, that the plaintiff can prove no facts in support of his claim that entitle him to relief. *Conley v. Gibson*, 355 U.S.

---

1. Wyner is misnamed in the complaint. He is the Executive Secretary of the Town.

41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Court must accept all factual averments in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Garita Hotel Ltd. Partnership v. Ponce Fed. Bank, F.S.B.,* 958 F.2d 15, 17 (1st Cir.1992). The Court is required to look only to the allegations of the complaint and if, under any theory, they are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. *Knight v. Mills,* 836 F.2d 659, 664 (1st Cir.1987).

### A. Wyner and Dean

■ Berard assents to the dismissal of the claims against Wyner and Dean. He explains that he named Wyner solely as an agent for service of process for the Town. Dismissal of the defamation claim against Dean is also proper because Berard's complaint does not contain the allegedly defamatory statement spoken by Dean and falls short of stating a claim under the heightened pleading requirement for defamation claims. *See Chiara v. Dizoglio,* 81 F.Supp.2d 242, 248 (D.Mass.2000); *see also Phantom Touring, Inc. v. Affiliated Publications,* 953 F.2d 724, 728 n. 6 (1st Cir. 1992) ("A defendant is entitled to knowledge of the precise language challenged as defamatory. . . .").

### B. The Town

■ Municipalities cannot be held liable for constitutional torts under 42 U.S.C. § 1983 based upon the theory of *respondeat superior. See Monell v. Dept. of Social Services of City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). A municipality may be sued only for its own unconstitutional or illegal policies. *Id.* at 694, 98 S.Ct. 2018. A plaintiff must show that

> the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the municipality's] officers [or is] pursuant to governmental "custom".

*Id.* at 690, 691, 98 S.Ct. 2018.

Berard has not alleged the existence of any relevant custom or policy of the Town. Moreover, as discussed below in connection with the claims against the Chief, Berard does not allege facts upon which a violation of his First Amendment rights could be established. His § 1983 claim against the Town will be dismissed.

### C. The Chief of Police

#### 1. *Slander*

Berard alleges that the Chief slandered him during the Board of Selectmen meeting when he said, "Dispatchers get a slew of calls every day, but that is not an excuse. He made a mistake and he apologized for it" and when he stated that Berard's punishment for his mistake would be to work for two days without pay and to attend a re-certification class.

■ Slander *per se* is the publication of a defamatory statement of or concerning the plaintiff which is false and causes damage to the plaintiff. *Finlay v. Fischbach and Moore,* 1998 WL 1181689 at *7 (Mass.Super. Aug.28, 1998) (citations omitted). Words spoken orally are actionable *per se* if they prejudice a plaintiff in his office, profession or business. *Sharratt v. Housing Innovations,* 365 Mass. 141, 147 n. 1, 310 N.E.2d 343 (1974) (quotation omitted).

■ To survive a motion to dismiss, a defamation plaintiff must plead:

(1) the general tenor of the libel or slander claim, along with the precise wording of at least one sentence of the alleged defamatory statement(s);

(2) the means and approximate dates of publication; and

(3) the falsity of those statements.

*Dorn v. Astra USA,* 975 F.Supp. 388, 395 (D.Mass.1997).

■ The Chief argues that his description of Berard's conduct as a "mistake" is a statement of opinion which is not actionable as defamatory. A cause of action for slander provides no redress for statements of opinion. *Lyons v. Globe Newspaper Co.*, 415 Mass. 258, 266–67, 612 N.E.2d 1158 (1993). "Statements of fact may expose their authors ... to liability for defamation, but statements of pure opinion cannot [because they] are constitutionally protected." *King v. Globe Newspaper Co.*, 400 Mass. 705, 708, 512 N.E.2d 241 (citations omitted).

■ An opinion that is not based on disclosed or assumed facts and that therefore implies undisclosed facts on which the opinion is based is not a "pure" opinion. *Lyons* at 262, 612 N.E.2d 1158. Such a "mixed" opinion is actionable if it may reasonably be understood to imply underlying defamatory facts about the plaintiff. *See Puccia v. Edwards*, 1999 WL 513895 at *4 (Mass.Super. April 28, 1999) (citation omitted).

■ In determining whether the alleged defamatory statement constitutes fact or opinion, a court must:

> examine the statement in its totality in the context in which it was uttered or published. The court must consider all the words used, not merely a particular phrase or sentence. In addition, the court must give weight to cautionary terms used by the person publishing the statement. Finally, the court must consider all of the circumstances surrounding the statement, including the medium by which the statement is disseminated and the audience to which it is published.

*Lyons* at 1162.

■ Here, drawing all reasonable inferences in Berard's favor, the Chief's statement that Berard made a "mistake" could be interpreted to imply that Berard failed to follow proper procedure while performing his job, a factual issue. *See Astra* at 396 (statement that plaintiff was terminated for "poor performance" viewed as defamatory because it would "tend to impair standing in the community.")

■ The Chief claims that he was privileged in making the alleged defamatory statement because he made them during a meeting of the Board of Selectmen. A public official is conditionally privileged to make otherwise defamatory statements while performing public duties, so long as the official does not act with malice. *Mulgrew v. Taunton*, 410 Mass. 631, 634, 574 N.E.2d 389 (1991).

■ Berard's allegation that the Chief told him, "One of us is going down for this and it sure as hell is not going to be me," if proven true, supports a finding that the Chief acted with malice toward him. Moreover, in order for the defendants to show facts which create a conditional privilege, additional materials containing relevant factual information should be considered. "A motion to dismiss is not the correct vehicle to attack a plaintiff's defamation claim by asserting a conditional privilege." *Chan v. Immunetics*, 1999 WL 218490 at *5 (Mass.Super. April 7, 1999).

Drawing all reasonable inferences in favor of Berard, the Chief has failed to demonstrate that the plaintiff can prove no set of facts in support of his slander claim. Although Berard's claim appears weak and may not ultimately survive summary judgment, dismissal would be premature at this stage, especially because the inquiry into whether a statement is fact or opinion is fact-intensive. Thus, the Chief's motion to dismiss will be denied with respect to the slander claim.

## 2. First Amendment Claims

Berard alleges that he is entitled to relief under 42 U.S.C. § 1983 and the MCRA because the Chief violated his right to freedom of speech under the First Amendment by (1) forcing him to call the parents of the children who had been on the bus and (2) ordering him not to write a

report as requested by the Board of Selectmen.

■ Section 1983 creates a federal cause of action to redress violations of federal statutory or constitutional rights by state officials acting under color of state law. The MCRA similarly prohibits any person from interfering or attempting to interfere with the exercise of any rights secured by the Constitution or laws of the United States or the Commonwealth by threats, intimidation or coercion. *See* M.G.L. c. 12, § 11I. Because Berard fails to state any sort of a cognizable claim for an underlying First Amendment violation, he is not entitled to relief under either of those statutes.

■ The First Amendment bars the discharge of a public employee on a basis that violates that employee's constitutionally protected right of freedom of speech, *see Rankin v. McPherson,* 483 U.S. 378, 383, 107 S.Ct. 2891, 97 L.Ed.2d 315 (1987) (citation omitted). Berard has not alleged, however, that he was discharged or that his employer retaliated against him in any way for exercising his right of freedom of speech. Berard alleges that the Chief threatened to fire him if he did not call the parents and that he feared he would lose his job if he did not sign the order, but a mere attempt to deprive a person of his First Amendment rights is not actionable under § 1983. *Andree v. Ashland County,* 818 F.2d 1306, 1311 (7th Cir.1987).

■ Moreover, even if Berard had alleged retaliation, he does not allege facts that would support a claim that his speech (or right not to speak) was constitutionally protected. A public employee's statements are constitutionally protected under the First Amendment only if they are made "as a citizen upon matters of public concern." *Connick v. Myers,* 461 U.S. 138, 147, 103 S.Ct. 1684, 75 L.Ed.2d 708. When an employee speaks upon matters of personal interest, "a federal court is not the appropriate forum in which to review

the wisdom of a personnel decision taken by a public agency ... in reaction to the employee's behavior." *Id.*

Berard fails to allege facts which would support a claim that his statements involved a matter of public concern. Rather, the phone calls and the report to the Board of Selectmen related to a private concern, i.e. Berard's job as a dispatcher and the internal affairs of the Police Department, and thus, they are not constitutionally protected.

Because Berard fails to allege facts upon which an actionable First Amendment claim could be based, he is not entitled to relief under § 1983 or the MCRA.

### D. Gauthier

Berard's complaint does not contain the allegedly defamatory statement spoken by Selectwoman Gauthier. It simply charges that "defendant Madeline Gauthier committed slander per se of the plaintiff at a meeting that was open to the public...." In an apparent attempt to cure that deficiency, Berard has filed a motion to amend the complaint by adding the following factual allegations:

1) that the defendant Madeline Gauthier, on or about March 11, 1997, made a statement at a public Selectmen's meeting, after listening to the explanation given from the Defendant Chief Ryan of Berard's "mistake" in handling the March 7, 1997 school bus incident, that this (incident) was "a complete lack of common sense"; and

2) that on the above date and time the defendant Gauthier made an additional statement (after listening to the defendant Ryan) that Berard "should have asked more questions."

■ Gauthier argues that the proposed amendment would be futile because it would not correct the deficiency in Berard's claim for slander. "Where an amendment would be futile or would serve no legitimate purpose, the district court

should not needlessly prolong matters." *Judge v. City of Lowell,* 160 F.3d 67, 79 (1st Cir.1998) (internal quotation omitted).

 Gauthier's alleged statements, unlike those made by the Chief, cannot support an action for slander. Her statements were based upon the Chief's statement, not implied underlying facts, and are thus "pure" expressions of opinion which are not provable as false and which cannot support an actionable defamation claim. *See Lyons v. Globe Newspaper Co.,* 415 Mass. 258, 266–67, 612 N.E.2d 1158 (1993) (statements "recognizable as pure opinion because their factual premises are revealed" unquestionably excluded from defamation liability). Berard's slander claim against Gauthier will be dismissed.

### ORDER

For the foregoing reasons,

1) the motion to dismiss by Wyner, Dean and Gauthier (Docket No. 3) is **ALLOWED,**

2) the motion to dismiss by the Chief and the Town (Docket No. 5) is **ALLOWED,** except with respect to the slander claim (Count One) against the Chief, and

3) Berard's motion to amend the complaint (Docket No. 8) is **DENIED** as futile.

**So ordered.**