Robert R. FINNE and Anne
Finne, Plaintiffs,

v.

**PAUL REVERE LIFE INSURANCE
CO., Ellis & Ellis, and Jack
Avis, Defendants.**

Civil Action No. 96–40167–NMG.

United States District Court,
D. Massachusetts.

Oct. 17, 1997

Lauri J. Horkitz, Methuen, MA, for Plaintiffs.

Joan O. Vorster, Mirick, O'Connell, DeMallie & Lougee, Worcester, MA, for Paul Revere Life Ins. Co.

Richard A.Mulhearn, David E. Hoyt, Ellis & Ellis, Worcester, MA, for Ellis & Ellis.

Stephen J. Duggan, Patrick J. Dolan, Lynch & Lynch, South Easton, MA, for Jack Avis.

**MEMORANDUM AND ORDER**

GORTON, District Judge.

On August 9, 1996, the instant case was removed to this Court from state court.

---

Pending here is a motion filed by defendant, Paul Revere Life Insurance Company ("Paul Revere"), to dismiss counts two through eight and ten through sixteen of the plaintiff's Revised Second Amended Complaint to the extent those counts state claims against Paul Revere (Docket No. 26). Several of the counts do not mention Paul Revere, but the request for relief makes claims against Paul Revere on all counts except one and nine.

## I. Background

Plaintiff, Robert Finne, was employed by defendant, Ellis & Ellis, until April 26, 1993. Mr. Finne was enrolled in a group disability insurance policy provided to Ellis & Ellis by Paul Revere. On June 24, 1992, Mr. Finne suffered a stroke which caused him to be partially disabled from performing his work duties. He alleges that Ellis & Ellis then offered him the option of taking a cut in hours and pay or leaving his job altogether. Mr. Finne accepted the pay cut, but his hours were allegedly not reduced.

On April 26, 1993, Mr. Finne suffered a second stroke which resulted in his permanent disability from performing his job duties. On May 20, 1993, Ellis & Ellis filed a claim with Paul Revere on Mr. Finne's behalf relating to the stroke of June 24, 1992. Ellis & Ellis reported Mr. Finne's reduced salary.

The plaintiffs allege that Ellis & Ellis and Mr. Finne's attending physician provided Paul Revere with false information regarding Mr. Finne and, as a result, Paul Revere's calculations of disability benefits under the policy are erroneous. Based upon these allegations, the plaintiffs have asserted claims against Paul Revere for negligence, breach of contract and violation of the Employee Retirement Income Security Act, 29 U.S.C. § 1011 et seq., ("ERISA").

## II. Analysis

### A. Standard for Motions to Dismiss

A motion to dismiss for failure to state a claim may be granted only if it appears, beyond doubt, that the plaintiffs can prove no facts in support of their claim that entitle them to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). The Court must accept all factual averments in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Garita Hotel Ltd. Partnership v. Ponce Fed. Bank, F.S.B.*, 958 F.2d 15, 17 (1st Cir. 1992). The Court is required to look only to the allegations of the complaint and if under any theory they are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. *Knight v. Mills*, 836 F.2d 659, 664 (1st Cir.1987).

### B. Claims Against Ellis & Ellis

In their request for relief, plaintiffs seek relief against Paul Revere on all counts except one and nine. Counts two through four and twelve through sixteen, however, do not, on their face, state claims against Paul Revere. Those claims allege wrongs by Ellis & Ellis, not Paul Revere. This Court will, therefore, allow Paul Revere's motion to dismiss those claims to the extent that they seek relief from Paul Revere.

### C. ERISA Preemption

■ Plaintiffs' complaint asserts state law claims for breach of a third-party beneficiary contract (count five), negligence (count seven) and breach of contract (count ten) against Paul Revere. ERISA preempts all three of those claims.

In order to ensure uniform regulation of benefit plans, ERISA's provisions preempt "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a); *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 651, 115 S.Ct. 1671, 1674–75, 131 L.Ed.2d 695 (1995). Because ERISA, § 502 creates a cause of action for recovery of benefits, 29 U.S.C. § 1132(a), state law is preempted to the extent that a beneficiary relies upon it to recover benefits. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54, 107 S.Ct. 1549, 1556–57, 95 L.Ed.2d 39 (1987).[1] *See Wickman v. Northwestern National Ins.*

---

1. Although *Travelers* narrowed the scope of ERISA preemption, it explicitly did not overrule *Pilot Life*. *Travelers*, 514 U.S. at 668, 115 S.Ct. at 1683.

*Co.*, 908 F.2d 1077, 1082 (1st Cir.1990) (suit for negligent administration of benefits preempted by ERISA), *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62, 107 S.Ct. 1542, 1545–46, 95 L.Ed.2d 55 (1987) (suit for breach of contract regarding payment of benefits preempted by ERISA). All three of plaintiffs' state law claims against Paul Revere are preempted because they are relied upon to obtain benefits.

### D.  *ERISA Claims*

■ Plaintiffs' complaint asserts claims for benefits under 29 U.S.C. § 1132(a)(1)(B) alleging breach of a third-party beneficiary contract (count six), negligence (count eight) and breach of contract (count eleven) against Paul Revere. Viewed in the light most favorable to the plaintiffs and drawing all reasonable inferences in the plaintiffs' favor, those three counts state claims under ERISA. The plaintiffs may recover under ERISA if the alleged contracts exist and they require Paul Revere to verify financial information provided by Ellis & Ellis.

### ORDER

For the foregoing reasons:

1) Paul Revere's motion to dismiss counts two through five, seven, ten and twelve through sixteen, to the extent that they state claims against Paul Revere, is **ALLOWED**; and

2) Paul Revere's motion to dismiss counts six, eight and eleven, to the extent that they state claims against Paul Revere, is **DENIED**.

So ordered.