Paula CONNORS, Plaintiff,

v.

LIBERTY MUTUAL INSURANCE COMPANY, Defendant.

No. 01–11465–REK.

United States District Court,
D. Massachusetts.

Nov. 7, 2001.

Duncan J. MacCallum, Duncan J. MacCallum, Quincy, MA, for plaintiff.

Edward S. Rooney, Jr., Eckert Seamans Cherin & Mellot, LLC, Boston, MA, for defendant.

Memorandum and Order

KEETON, District Judge.

### I. Pending Matter

Pending for decision is Motion to Dismiss of Defendant Liberty Mutual Insurance Company (Docket No. 2, filed August 30, 2001) with Memorandum of Law in Support (Docket No. 3, filed August 30, 2001).

## II. Failure of Plaintiff to Respond

By court order of September 26, 2001, endorsed on the margin of Plaintiff's Motion for Extension (Docket No. 5, filed September 17, 2001), the court allowed an extension of time to October 12, 2001, for plaintiff to file a response. No response has been filed.

## III. The Merits

Rather than act on the ground of default by plaintiff's failure to respond, the court has considered the motion to dismiss on the merits.

In deciding a motion to dismiss, the court accepts all factual allegations made in the complaint as true, and will draw all reasonable inferences in the plaintiff's favor. *See Garita Hotel Ltd. Partnership v. Ponce Fed. Bank, F.S.B.*, 958 F.2d 15, 17 (1st Cir.1992). The court will grant the motion only if "the plaintiff cannot recover on any viable theory." *Correa–Martinez v. Arrillaga–Belendez*, 903 F.2d 49, 52 (1st Cir.1990).

Plaintiff makes numerous contractual and state statutory claims against defendant stemming from defendant's decision to stop paying disability benefits. Plaintiff alleges that these benefits are due under an employee disability benefit plan sponsored by defendant. Plaintiff does not make any reference in the complaint to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, et seq.

ERISA is pertinent to my decision on the merits of this motion. I conclude that the employee disability benefit plan at issue here is within the meaning of an "employee welfare benefit plan" as defined in 29 U.S.C. § 1002(1), and thus also within the definition of an "employee benefit plan" as defined in 29 U.S.C. § 1002(3). *See Wickman v. Northwestern National Ins. Co.*, 908 F.2d 1077, 1082 (1st Cir.1990). As an "employee benefit plan," plaintiff's plan is covered by ERISA. *See* 29 U.S.C. § 1003(a). The Court of Appeals for the First Circuit has made clear that state-law claims are preempted by ERISA. *See Hampers v. W.R. Grace Co., Inc.*, 202 F.3d 44, 48–53 (1st Cir.2000); *see also Finne v. Paul Revere Life Insurance Co.*, 981 F.Supp. 57 (D.Mass.1997) (state-law claims brought by beneficiary of group disability insurance policy held to be preempted by ERISA). I conclude that the state-law claims made by plaintiff are preempted by ERISA.

The complaint, filed in a state forum, explicitly made only state-law claims. In these circumstances I conclude that it is appropriate to allow the motion to dismiss.

The matters now before this court for decision do not include any issue regarding the effect of this dismissal on any claim that might be asserted by plaintiff under ERISA, and explicitly I make no ruling on that matter.

## ORDER

For the foregoing reasons, it is ORDERED:

(1) The Motion to Dismiss of Defendant Liberty Mutual Insurance Company (Docket No. 2) is ALLOWED.

(2) The clerk is directed to enter forthwith on a separate document a Final Judgment as follows:

For the reasons stated in the Memorandum and Order of November 7, 2001, it is

ORDERED:

> This civil action is dismissed because of ERISA preemption of state-law claims.