Hilda PAREDES, Jesus Sarmiento, and Celina Sarmiento, Plaintiffs,

v.

ABERCROMBIE & KENT INTERNATIONAL, INC., Defendant.

Civil Action No. 97–40218–NMG.

United States District Court, D. Massachusetts.

Dec. 22, 1999.

Scott S. Sinrich, Talamo, Phillips, Silver & Talman, Worcester, MA, Carolyn H. Leary, Phillips, Silver, Talman & Aframe, P.C. Worcester, MA, for plaintiffs.

Rodney E. Gould, Robert C. Mueller Rubin, Hay & Gould, Framingham, MA, for defendant.

## MEMORANDUM & ORDER

GORTON, District Judge.

Plaintiffs Hilda Paredes, Jesus Sarmiento and Celina Sarmiento brought this action against Defendants Princess Cruises, Inc. ("Princess") and Abercrombie & Kent, International, Inc. (A & K Int'l) alleging negligence and loss of consortium in connection with an accident in which they were injured while on vacation. Defendants filed separate motions to dismiss, or in the alternative, for summary judgment and on April 2, 1998, this Court issued a Memorandum and Order allowing Princess' motion for summary judgment. This Court treated the Motion by A & K Int'l as a motion to dismiss and denied that motion.

After that Order was entered, the parties agreed to phased discovery and have completed the first phase in which they focused on whether A & K Int'l is a proper party to this action. Pending before this Court is a motion by A & K Int'l for summary judgment (Docket No. 37).

## I. Background

### A. Factual Background

In June, 1995, Susan Freelander, the Sarmientos' daughter and Parades' niece, arranged for the Plaintiffs to take a Princess cruise beginning in Italy on October 25, 1995. She also, through Princess, arranged for the Plaintiffs to take a ground tour of Alexandria, Egypt when the cruise ship was docked there. Princess made arrangements directly with A & K Egypt for the tour and the Plaintiffs purchased the tour from A & K Egypt while on the Princess cruise ship. A & K Int'l was not involved in any way in the transaction between the Plaintiffs and A & K Egypt in connection with the Alexandria tour on November 2, 1995.[1] The tour was arranged specifically for the Plaintiffs and no other cruise ship passengers participated. During the tour on November 2, 1995, the van in which the Plaintiffs were riding skidded off the road, overturned and injured the three plaintiffs.

### B. Relationship between A & K Int'l and A & K Egypt

A & K Int'l is an Illinois corporation and its principal place of business is in Oak Brook, Illinois. It has two shareholders, Abercrombie & Kent Holdings, S.A., a Luxemburg corporation, and Alistair Ballantine. It has an ownership interest in only three entities: Explorer Shipping Corp., Panvine Ltd., and Great Rail Express Corp. A & K Int'l is in the business of marketing travel services. It acts as a middleman, retaining the services of tour operators in destination countries who actually arrange for and provide tour services. On occasion, individual travelers arrange travel services by contacting A & K Int'l directly.

A & K Egypt is an Egyptian partnership and its principal place of business is in Cairo, Egypt. There are two partners of A & K Egypt, Mohammed Abdallah El–Shabrawi (51% interest) and Geoffrey Kent (49% interest). Geoffrey Kent is also a director of A & K Int'l. A & K Egypt has never owned stock or had any interest in A & K Int'l and similarly, A & K Int'l has never owned stock or had any interest in A & K Egypt.

## II. Analysis

### A. Standard of Review

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Mesnick v. General Elec. Co.*, 950 F.2d 816, 822 (1st Cir. 1991) (quoting *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir.1990)). The burden is upon the moving party to show, based upon the pleadings, discovery on file and affidavits "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine triable issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The nonmovant may not, however, rest upon mere allegation or denial of the pleadings. Fed.R.Civ.P. 56(e). Establishing a genuine issue of material fact re-

---

1. In their Memorandum in Opposition to A & K Int'l's motion for summary judgment, Plaintiffs claim that the tour was organized and operated and the tour van procured by A & K Egypt and A & K Int'l, but they provide no evidence in support of that claim, merely alleging that such is true. A & K Int'l submitted the affidavit of the Vice President of Sales for A & K Egypt stating that A & K Int'l was not involved in any way in the transaction between the plaintiffs and A & K Egypt with regard to the tour of November 2, 1995.

quires more than "effusive rhetoric and optimistic surmise." *Cadle Company v. Hayes,* 116 F.3d 957, 960 (1st Cir.1997). "If the evidence [raised in opposition to summary judgment] is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The Court must view the record in the light most hospitable to the non-moving party and indulge all reasonable inferences in his favor. *O'Connor v. Steeves,* 994 F.2d 905, 907 (1st Cir.1993).

"Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (citations omitted). An issue is not genuine if it is unsupported by evidence, or if it is created by evidence that is "merely colorable" or is "not significantly probative." *Anderson,* at 249–50, 106 S.Ct. at 2511.

### B. A & K Int'l's Liability for A & K Egypt's Alleged Negligence

In connection with its prior motion to dismiss, A & K Int'l argued that it is not liable for A & K Egypt's alleged negligence because a tour operator is not liable for the negligence of a third party supplier of services which the tour operator does not operate, manage or control (citing *Ross v. Trans Nat'l Travel,* 1990 WL 79229, *2 (D.Mass.); *Hassett v. Cape Cod Bicycle Tours, Inc.,* 1987 WL 17540, *1 (D.Mass.)). The Plaintiffs, on the other hand, maintained that the defendant did control the tour van in which they were injured.

Because the standard for a motion to dismiss requires a court to accept all factual averments in the complaint as true, *See Garita Hotel Ltd. Partnership v. Ponce Fed. Bank, F.S.B.,* 958 F.2d 15, 17 (1st Cir.1992), this Court found that the Plaintiffs stated a claim upon which relief could be granted and denied A & K Int'l's motion to dismiss. However, mere allegations of fact are insufficient to preclude summary judgment, Fed.R.Civ.P. 56(e), and Plaintiffs have provided no evidence showing that a dispute exists regarding whether A & K Int'l controlled the tour bus in which Plaintiffs were injured.

Plaintiffs argue that A & K Int'l is liable for A & K Egypt's alleged negligent acts under a piercing-of-the-veil/alter-ego theory.[2] Specifically, Plaintiffs contend that an agency relationship exists between the two entities because A & K Int'l and A & K Egypt are engaged in 1) a "confused intermingling" and 2) a common enterprise with a substantial disregard of the alleged separate nature of the two entities.

A corporation is "separate and distinct as a legal entity from its shareholders, directors and officers, and generally, from other corporations with which it may be affiliated." *Main Bank of Chicago v. Baker,* 56 Ill.Dec. 14, 427 N.E.2d 94, 101 (Ill.1981).[3] The piercing-the-corporate-veil/alter-ego doctrine prevents the misuse of the corporate form. Where one corporation so controls and manipulates another that it becomes a mere instrumentality of the dominant corporation, a corporate creditor may disregard the corporate identity. *See Chicago Florsheim v. Cluett, Peabody & Co.,* 826 F.2d 725, 728 (7th Cir.1987).

2. Because the parties agree that Illinois law controls, it is not necessary to make an independent choice of law analysis. *See, e.g., Commercial Union Ins. v. Walbrook Ins. Co.,* 7 F.3d 1047, 1048 n. 1 (1st Cir.1993).

3. A & K Int'l and A & K Egypt have no mutual ownership interests and are not affiliates. "Two companies are affiliates where one owns less than a majority of the voting stock of the other, or when both are subsidiaries of a third company." John Downs and Jordan Goldman (eds.) *Dictionary of Finance and Investment Terms* Barron's Educational Services Inc. (5th Ed.1995).

■ This Court is unaware of any case law holding a corporation liable for the negligence of another entity under the piercing-the-corporate-veil/alter-ego doctrine when it has no parent/subsidiary, sister, or dominant shareholder relationship with an allegedly negligent entity. That doctrine is, therefore, inapplicable in this case. First, the purpose of the doctrine is to prevent the misuse of the corporate form, and here A & K Egypt is a partnership. Second, another purpose of the doctrine is to allow creditors to satisfy their claims out of the personal assets of the shareholders of the "pierced" corporation and here A & K Int'l is not a shareholder of A & K Egypt.

■ Even if the subject doctrine were applicable to this case, Plaintiffs could not satisfy the requirements for piercing the corporate veil. Under Illinois law, a two-part test is used and courts will pierce the corporate veil only when:

(1) there is such unity of interest and ownership that the separate personalities of the [corporations] no longer exist, and

(2) the circumstances are such that adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice.

*Lumpkin v. Envirodyne Industries*, 933 F.2d 449, 462 (7th Cir.1991) (citations omitted). The following factors should be analyzed under the "unity of interest" prong in determining whether to pierce a corporate veil: (1) misrepresentation, (2) commingling of funds, assets or identities, (3) undercapitalization, (4) failure to operate at arms length, and (5) failure to comply with corporate formalities. *Id.*

■ Plaintiffs present no evidence of undercapitalization, commingling of funds, failure to comply with formalities or failure to operate at arms-length. They allege that A & K Int'l made misrepresentations regarding its involvement with A & K Egypt by failing to distinguish between the two in its marketing materials. A & K

Int'l is not liable for A & K Egypt's alleged negligence because they have similar names, however. *See Logal v. Inland Steel Industries, Inc.*, 154 Ill.Dec. 152, 568 N.E.2d 152, 156–57 (1991) (use of another corporation's trademark is not enough to pierce the corporate veil).

In *Wiedemann v. Cunard Line Ltd.*, 20 Ill.Dec. 723, 380 N.E.2d 932, 934, 936 (1978), the plaintiff was injured while vacationing on a beach owned by Hotel La Toc. She alleged that Cunard, a "sister" corporation owned by the same parent of the hotel, "owned, operated, managed, maintained and controlled the hotel and its premises" and that Cunard induced them, through advertisements and language such as "Cunard's lovely Hotel La Toc" and "Cunard's luxurious La Toc resort on unspoiled St. Lucia", to contract for the tour. The court declined to hold Cunard liable because:

> [T]he use of the name "Cunard," by not only defendant Cunard Line Limited, but also by other subsidiaries of the parent company for advertising purposes...does not make Cunard liable for the tort of the other subsidiary. In no sense was the use of the name "Cunard" on the advertisement seen by plaintiff or in the letter sent by the manager of La Toc (after Plaintiff's injury) a cause of the injury suffered by plaintiff.

*Id.* 380 N.E.2d at 939 (citations omitted). Here, aside from the fact that A & K Int'l is not a sister corporation of A & K Egypt as was true in *Wiedemann*, the distribution of marketing material by A & K Int'l in which there is no differentiation between A & K Int'l and A & K Egypt is insufficient to impute liability to A & K Int'l.

### III. Conclusion

Because there is no genuine issue of material fact regarding the involvement of A & K Int'l in the ground tour operated by A & K Egypt, the piercing-the-corporate-veil/alter-ego doctrine is inapplicable to

this case. Furthermore, even if the doctrine were applicable, the Plaintiffs have failed to satisfy the conditions necessary to pierce the corporate veil and, consequently, this Court will allow A & K International's motion for summary judgment.

### ORDER

For the foregoing reasons, A & K International's motion for summary judgment is hereby ALLOWED.

**So ordered.**